1

**IN THE UNITED STATES DISTRICT COURT FOR THE**

2

**EASTERN DISTRICT OF CALIFORNIA**

3

4

| | |
|---|---|
| GEORGE MICHAEL MACIAS, JR., | CASE NO. 1:13-CV-01819-BAM |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND DENYING DEFENDANTS' MOTION TO DISMISS IN PART |
| v. | |
| CITY OF CLOVIS and the following employees of said City's Police Department: SERGEANT J. GOMEZ (ID #5048), CORPORAL C. ARANAS (ID #5196), Officer CESAR GONZALEZ (ID #5422), Officer E. TAIFANE (ID # 5057), Officer A. VELASQUEZ (ID #5445), Officer C. PETERS (ID #5515), STEVE CLEAVER (ID #5469), JAMES KOCH (ID #5136) and DOES 1-25, inclusive, | (Doc. 12) |
| Defendants. | |

14

15

**INTRODUCTION**

16      Before the Court is Defendants' Motion to Dismiss Plaintiff's complaint pursuant to

17  Federal Rule of Civil Procedure 12(b)(6).  Defendants City of Clovis ("City") and individual

18  defendant police officers[1] seek to dismiss as insufficiently pled and legally barred Plaintiff George

19  Michael Macias Jr.'s ("Plaintiff") claims arising from his arrest and subsequent detention.  Having

20  considered the moving papers and the Court's file, Defendants' Motion is GRANTED in part with

21  leave to amend, and DENIED in part.

22

**FACTS AND PROCEDURAL BACKGROUND**

23      **A.      Factual History**

24      On September 30, 2012, Defendant Officer Cleaver initiated a traffic stop of Plaintiff

25  George Macias Jr. Doc. 1, Complaint ("Compl.") at ¶ 13. Plaintiff was issued a citation for not

26  being properly licensed to operate a motorcycle and his motorcycle was impounded. Compl. at ¶¶

27

28

[1]      Defendants seeking relief are the City, Sergeant Gomez ("Sgt. Gomez"), Corporal Aranas ("Cpl. Aranas"), Officer Gonzalez ("Gonzalez"), Officer Taifane ("Taifane"), Officer Velasquez ("Velasquez"), Officer Peters ("Peters"), Steve Cleaver ("Cleaver"), James Koch ("Koch") and Does 1-25 (collectively "Defendants").

13-16. After receiving the traffic ticket, Plaintiff alleges that he left the scene on foot with his ignition key in his pocket. Compl. at ¶ 16. The ignition key locks the bike's handle bars and without the key, it would be difficult for the officers to transport the motorcycle onto a flat-bed tow truck. Compl. at ¶ 17.

Once officers realized they were unable to move the motorcycle, Officer Gonzalez, who assisted Officer Cleaver with the traffic stop, went to find Plaintiff in order to retrieve the ignition key. Compl. at ¶ 17.  Officer Gonzalez found Plaintiff and requested that Plaintiff give him the ignition key.  Plaintiff refused. Compl. at ¶ 18. Officer Cleaver then arrived at the scene and allegedly confronted Plaintiff telling him he was under arrest for violating California Penal Code § 69 (resisting an executive officer).  Officer Cleaver pointed a taser at Plaintiff and told him to get onto his knees while the laser pointer of the Taser was focused on Plaintiff's chest. Compl. at ¶¶ 19-20.

Plaintiff complied and was handcuffed and searched by Officer Gonzalez. Compl. at ¶¶ 21-22. Plaintiff alleges that he was aggressively thrown into the back seat of the patrol vehicle which left him in an uncomfortable position. Compl. at ¶ 24. While in the patrol unit, Plaintiff claims that the officers ignored his request to be re-positioned. Compl. at ¶ 24. Plaintiff alleges that when he successfully moved his cuffed hands from behind his back to the front of his body, Officer Cleaver stopped the patrol vehicle and called for back-up. Compl. at ¶¶ 25-29.

Plaintiff alleges that within minutes, three patrol units with at least six other unidentified officers responded to Officer Cleaver's request. Compl. at ¶ 31. Plaintiff further alleges that the officers immediately made a half circle formation around the right rear passenger door where Plaintiff was seated in the unit, and began shouting at Plaintiff to show his hands and get out of the vehicle. Compl. at ¶ 32. Plaintiff alleges that he slowly got out of the vehicle trying to demonstrate submission and compliance, but Officer Taifane allegedly got behind Plaintiff and put him in a "cross-face chokehold" in attempt to take Plaintiff down. Compl. at ¶¶ 34-35.

While in the chokehold, Plaintiff alleges that other officers yanked the chain of his handcuffs and punched him in the head and face. Compl. at ¶ 36. Officer Cleaver then allegedly deployed his Taser and shot Plaintiff which caused him to fall to the ground face forward. Compl.

at ¶ 37. Plaintiff also alleges that one of the officers removed the handcuffs and Officer Taifane used his knee to drive Plaintiff's head into the sidewalk while pulling Plaintiff's left arm back and upward into a painful position. Compl. at ¶ 38. Plaintiff alleges he was struck additional times by unidentified officers until he lost consciousness. Compl. at ¶ 40. Plaintiff was then treated by paramedics, transported to Fresno Community Hospital, and booked at Fresno County Jail. Compl. at ¶ 42.

**B.    Procedural History**

Plaintiff filed this action on November 11, 2013.  (Doc. 1).  In his complaint, Plaintiff asserts twelve causes of action against Defendants: (1) violation of Civil Rights pursuant to 42 U.S.C. § 1983 against all Defendants; (2) violation of Civil Rights under the California Constitution Art. 1 §§ 7 and 13 against all Defendants; (3) violation of the Bane Act under California Civil Code § 52.1 against all Defendants; (4) violation of the Bane Act under California Civil Code § 52.1 against Officer Cleaver only; (5) battery against Officer Cleaver only; (6) assault against all Defendants; (7) battery against all Defendants; (8) false arrest/imprisonment against all Defendants; (9) violation of the Bane Act under California Civil Code § 52.1 against Officer Cleaver only;  (10) assault against Officer Cleaver only; (11) intentional infliction of emotional distress against all Defendants; (12) intentional infliction of emotional distress against Officer Cleaver only. Compl. at ¶¶ 46-101.

On January 3, 2014, Defendants filed the now pending Motion to Dismiss and Motion to Stay this Civil Action. (Doc. 12).  On January 26, 2014, Plaintiff filed an Opposition to which Defendants replied on February 3, 2014. (Docs. 13, 14).  On February 5, 2014, the Court deemed the matter suitable for decision without oral argument and vacated the hearing.  (Doc. 15).  On July 2, 2014, pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment.  Accordingly, on July 7, 2014, the case was reassigned to Magistrate Judge Barbara A. McAuliffe for all purposes.  (Doc. 24).

**III.    LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to

the legal sufficiency of a claim presented in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Where there is a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable legal theory," dismissal under Rule 12(b)(6) is proper. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556). Naked assertions accompanied by "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A complaint] must contain sufficient allegations of underlying facts to give fair notice . . . [to] the opposing party . . . [and] must plausibly suggest an entitlement to relief").

In deciding a motion to dismiss under Rule 12(b)(6), the court accepts the factual allegations of the complaint as true and construes the pleadings in the light most favorable to the party opposing the motion. *Ass'n for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). However, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the court required to accept as true allegations that are conclusory or the product of unwarranted deductions of fact. *Id.* Finally, if the court concludes that dismissal is warranted under Rule 12(b)(6), the dismissal should be with leave to amend unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).

## IV. DISCUSSION

### A. Whether a Stay is Appropriate

As an initial matter, in the Motion to Dismiss, Defendants move to stay this action pending the outcome of Plaintiff's criminal case.  Upon his arrest, Plaintiff was charged with a criminal violation of California Penal Code §148(a)(1)-resisting, delaying, or obstructing a peace officer. Compl. at ¶ 43. *See The People of the State of California vs. George Michael Macias, Jr.*, Fresno County Superior Court Case No. M12923776. On March 10, 2014—after Defendants' Motion was filed—the criminal action against Plaintiff was resolved by a jury verdict finding Plaintiff not guilty on the criminal charges of resisting arrest. (Doc. 17, Notice of Mootness, p. 1-2).

In light of the resolution of Plaintiff's criminal case, Defendants Motion to Stay is moot. Accordingly, Defendants' Motion to Stay Civil Action is DENIED as MOOT.

## B.    Civil Rights Claims Under 42 U.S.C. § 1983

Plaintiff's first cause of action argues that Defendants violated his civil rights under 42 U.S.C. § 1983.  Specifically, Plaintiff alleges that Defendants did not have probable cause to arrest him after the traffic stop. Compl. at ¶ 49. Also pleading in the alternative, Plaintiff argues even if Defendants had probable cause to arrest, the force used by Defendants was "unnecessary and unreasonable." Compl. at ¶ 50. In response to Plaintiff's claim, Defendants argue that dismissal is appropriate because Plaintiff alleges insufficient facts to support: (1) a claim under 42 U.S.C. § 1983 against the individual defendants; (2) a *Monell* claim against the City; and (3) a claim under the Fourteenth Amendment. (Doc. 12 at 2).

### i.    Section 1983 Claims against the Individual Defendants

Defendants seek dismissal of Plaintiff's § 1983 claims against the individual defendants based on a general failure to link the individual defendant officers to the alleged constitutional violations related to Plaintiff's arrest. According to Defendants, Plaintiff fails to allege the requisite causal connection between the individual defendants and the deprivation of his rights.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to

1  do that causes the deprivation of which complaint is made.'" *Hydrick v. Hunter*, 500 F.3d 978, 988

2  (9th Cir. 2007) (*quoting Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite

3  causal connection can be established not only by some kind of direct, personal participation in the

4  deprivation, but also by setting in motion a series of acts by others which the actor knows or

5  reasonably should know would cause others to inflict the constitutional injury.'" *Johnson,* 588

6  F.2d 740, 743-44 (*citing Beverly v. Morris,* 470 F.2d 1356 (5th Cir. 1972)).

7       As alleged on the face of the complaint, Plaintiff has adequately pled sufficient facts that

8  collectively, the individual officers used excessive force in effecting Plaintiff's arrest.  Further,

9  Plaintiff has adequately alleged sufficient facts to establish that Defendants violated his

10 constitutional Fourth Amendment right to be free from unreasonable search and seizure.

11      The requisite causal connection between the individual defendants' allegedly wrongful

12 conduct and the violation of Plaintiff's constitutional rights can be seen in a number of ways.

13 First, Plaintiff's complaint raises factual allegations that are specific to Officers Cleaver, Gonzalez

14 and Taifane.  Plaintiff alleges that Officers Cleaver and Gonzalez arrested him without probable

15 cause. Compl. at ¶¶ 22, 49. Plaintiff also alleges that even if there was cause for his arrest, the

16 amount of force used by Officers Gonzalez and Cleaver to effectuate the arrest was unreasonable.

17 Compl. at ¶ 50.  After Officer Cleaver left the motorcycle to help Officer Gonzalez recover the

18 ignition key, Plaintiff alleges that Officer Cleaver threatened him with a taser.  Plaintiff was then

19 arrested and handcuffed and Plaintiff alleges that Officers Cleaver and Gonzalez "aggressively

20 pushed him into the rear seat" of a patrol vehicle.  Compl. at ¶ 24.  When he asked to be re-

21 positioned, the officers ignored him.  Compl. at ¶ 24.  Officers Cleaver and Gonzalez later called

22 for back-up and during the melee that followed Officer Cleaver tased Plaintiff.  Compl. at ¶ 37.

23 Plaintiff further alleges that Officer Taifane used excessive force by placing Plaintiff in a

24 chokehold and "taking Plaintiff down" after he was already in handcuffs. Compl. at ¶ 35.

25      As to the other officers, there is no question that the central allegation against all of the

26 individual officers involves the alleged violent nature of Plaintiff's arrest.  Plaintiff specifically

27 alleges that the other Defendants: Sgt. Gomez, Cpl. Aranas, Officers Velasquez, Peters, and Koch

28 were present at the time of the "beat down."  Compl. ¶ at 31. Although not specifically identified,

1    Plaintiff alleges that "other officers" used excessive force by striking him in the head and face and

2    "pummeled" him while he was handcuffed.  Compl.  ¶ 37.  Plaintiff alleges that not only were

3    each of these individual officers present at the time of the alleged deprivation, he also alleges that

4    the individual defendants participated and took affirmative steps to deprive him of a constitutional

5    right.

6         The federal system is one of notice pleading.  Notice pleading requires only that the

7    complaint include "a short and plain statement of the claim showing that the pleader is entitled to

8    relief." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff has successfully put the individual officers on notice

9    of his excessive force Fourth Amendment claim.  In order to state a cognizable claim against the

10   officers, plaintiff needs to, at a minimum, allege that the officers that allegedly violated his

11   constitutional rights acted under color of state law; allege how each individual defendant was

12   personally involved in the deprivation of his civil rights; and allege basic facts regarding the

13   events at issue in order to put the officers on notice of the claims against them. *Burns v. Barreto*,

14   No. 2:10-cv-1563, 2011 U.S. Dist. LEXIS 52715, *3 (E.D. Cal. May 5, 2011).

15        Plaintiff has set forth these specific facts against the individual officers.   These facts

16   include that: (1) the events in question took place on September 30, 2012; (2) plaintiff was the

17   subject of a traffic stop where Officer Cleaver determined that Plaintiff was not properly licensed

18   to operate a motorcycle; (3) Officer's Cleaver and Gonzales later conducted an additional traffic

19   stop, which resulted in Plaintiff's arrest; (4) after a series of events, Sgt. Gomez, Cpl. Aranas, and

20   Officers Gonzalez, Taifane, Velasquez, Peters, Koch, and Cleaver surrounded Plaintiff and

21   allegedly participated in kicking, punching, and tasing Plaintiff, with varying degrees of

22   involvement. On this basis, the Court finds that claims alleged against Defendants Sgt. Gomez,

23   Cpl. Aranas, Officers Gonzalez, Taifane, Velasquez, Peters, Koch, and Cleaver provides enough

24   detail about the alleged facts of the case to put Defendants on proper notice of the potential for

25   such a claim.   The Motion to Dismiss for failure to allege individual liability is DENIED as to

26   these Defendants.

27        **ii.      Section 1983 Claims Against the City of Clovis**

28        Defendants argue that Plaintiff's claims against the City are not viable because Plaintiff

1  fails to allege that an official policy or custom was a moving force behind Plaintiff's alleged

2  constitutional deprivations. (Doc. 12-1 at 15-16).   Further, Defendants maintain that the City

3  cannot be held vicariously liable under 42 U.S.C. § 1983 for the alleged constitutional violations

4  of its employees. (Doc. 12-1 at 15).

5      A municipality like the City of Clovis cannot be found liable for actions of its employees

6  or officials under a *respondeat superior* theory, and is liable under § 1983 only if the

7  constitutional injury was the result of a "custom, policy, or practice."   *Monell v. Dep't of Soc.*

8  *Servs. of City of New York*, 436 U.S. 658, 690-691 (1978). A "policy" is a "deliberate choice to

9  follow a course of action . . . made from among various alternatives by the official or officials

10  responsible for establishing final policy with respect to the subject matter in question." *Fogel v.*

11  *Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although

12  not authorized by written law or express municipal policy, is so permanent and well-settled as to

13  constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127

14  (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990). "Since

15  *Iqbal*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from

16  which one could plausibly infer *Monell* liability." *See, e.g., Rodriguez v. City of Modesto*, 535 Fed.

17  App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of *Monell* claim based only on

18  conclusory allegations and lacking factual support); *Via v. City of Fairfield*, 833 F.Supp.2d 1189,

19  1196 (E.D. Cal. 2011) (citing cases); *Wilson ex rel. Bevard v. City of W. Sacramento*, 2014 U.S.

20  Dist. LEXIS 56013, 2014 WL 1616450, at *1 (E.D. Cal. Apr. 22, 2014). Therefore, to allege a

21  violation of 42 U.S.C. § 1983, Plaintiff's pleading must identify a policy, practice or custom,

22  created and implemented by City.

23      Plaintiff's complaint is devoid of any factual allegations identifying a policy, custom, or

24  practice undertaken by the City that deprived Plaintiff of his rights.  Plaintiff makes a conclusory

25  reference to his *Monell* claim by stating that Defendants "acting under color of law, authority,

26  customs and usage, deprived Plaintiff of his rights, privileges, and immunities as guaranteed by

27  the Fourth and Fourteenth Amendments of the Constitution." Compl. at ¶ 49.   Merely referring to

28  a custom by the City without factual support is insufficient to support a *Monell* claim. *Iqbal*, 556

U.S. at 678 (conclusory allegations of elements of claim are insufficient; plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation omitted)).   Further, the City may not be held vicariously liable for unconstitutional acts of employees under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. "Instead, Plaintiff is required to allege such facts explaining how the policy or custom was deficient, how it caused the alleged harm, and how the infirmity of the custom or policy was so obvious that policymakers were on notice that the constitutional injury was likely to occur." *Dominguez v. County of Kern*, 2014 U.S. Dist. LEXIS 80335, *20 (E.D. Cal. June 9, 2014). Plaintiff's cause of action under *Monell* is deficient because Plaintiff fails to provide factual support for his conclusions that the City maintains a policy or custom that operated to violate Plaintiff's constitutional rights.   Accordingly, Defendants' Motion to Dismiss Plaintiff's First cause of action against the City is GRANTED with leave to amend. In order to state a claim upon amendment, Plaintiff must allege that City implemented a policy, practice or custom in violation of Plaintiff's constitutional rights.

### iii.   Section 1983 Claims Pursuant to the Fourteenth Amendment

Lastly, Defendants argue that Plaintiff may not proceed with his excessive force claim based on the Fourteenth Amendment.  Defendants are correct.  In his complaint, Plaintiff states that "Defendants deprived Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth and Fourteenth Amendments." Compl. ¶ at 49.  Further, Plaintiff alleges he "had the right to be secure in his person and effects against unreasonable search and seizures and unreasonable use of force via the Fourth and Fourteenth Amendments of the United States Constitution." Defendants argue that the Fourteenth Amendment is not applicable here, as claims for false arrest and excessive force are limited to a Fourth Amendment analysis since that Amendment specifically addresses unlawful searches and seizures.   (Doc. 12-1. at 16) (*citing Graham v. Connor*, 490 U.S. 386, 394 (1989)).  Plaintiff opposes this argument without citing any case law to support his position that the Fourteenth Amendment properly applies here.

Pursuant to the authority cited by Defendants, unreasonable search and seizure and excessive force claims under Section 1983 are specifically governed by the Fourth Amendment

1   under these circumstances.  *Graham*, 490 U.S. at 388 ("claim[s] that law enforcement officials

2   used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'... are

3   properly analyzed under the Fourth Amendment's 'objective reasonableness' standard").   The

4   Supreme Court has held that plaintiffs cannot "double up" constitutional claims: where a claim can

5   be analyzed under "an explicit textual source" or right in the Constitution, a court may not also

6   assess the claim under another, "more generalized," source. *Id.* at 394-95 (analyzing claim under

7   Fourth Amendment but not under substantive due process); *Ramirez v. Butte-Silver Bow County*,

8   298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because

9   plaintiffs may not "'double up' constitutional claims"); *Hufford v. McEnaney*, 249 F.3d 1142,

10  1151 (9th Cir. 2001) (analyzing claim under First Amendment but not under substantive due

11  process).

12          The Fourth Amendment provides an explicit textual source of constitutional protection

13  against the sort of physically intrusive conduct alleged in Plaintiff's complaint.   Therefore, the

14  Fourth Amendment, and not the more general notion of "due process," guides the analysis of the

15  violations asserted here.   Accordingly, the Court DISMISSES with prejudice and as superfluous

16  Plaintiff's Fourteenth Amendment claim.

17          **C.     State Law Claims**

18                  **i.     Compliance with California Government Claims Act**

19          At the outset, Defendants seek to dismiss Plaintiff's state law claims on the ground that

20  Plaintiff has failed to comply with the state claim-filing requirements. Specifically, Defendants

21  assert Plaintiff failed to comply with the California Government Claims Act ("CGCA"), requiring

22  Plaintiff to timely present his state law tort claims to the City of Clovis before filing suit.

23  Defendants claim that Plaintiff "merely alleges in a conclusory fashion that he has 'met all the

24  requirements of California's Government Claims Act,' without any detail or explanation." (Doc.

25  12-1 at 17).   In response, Plaintiff asserts that he has pleaded the ultimate fact of compliance,

26  which for the purposes of a Motion to Dismiss, the Court must accept as true.  (Doc. 13 at 4).

27          Before a person may seek money damages against a public entity for personal injury or

28  property damage, he must present a timely written claim for damages to the entity. *See Mangold v.*

*California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  When Defendants are public employees, the plaintiff must also submit a written claim to the public entity that employs them. Cal. Gov. Code § 945.4, 950.2.  The claim must be filed within six months of the accrual of the cause of action. Cal. Gov. Code § 911.2(a)). This requirement applies to all tort claims seeking money damages, including claims under § 52.1. *See Williams v. City of Antioch*, 2010 U.S. Dist. LEXIS 97829, 2010 WL 3632199, at *4 (N.D. Cal. Sept. 2, 2010).  Once a claim is timely filed, the public entity has forty-five (45) days to accept or reject the claim. Cal. Gov't Code § 912.4. The party then has six months to initiate litigation against the entity following written notice of rejection of his or her claim. *Id.* § 945.6(a)(1). If the entity "fails or refuses to act within [45 days], the claim shall be deemed to have been rejected ...." on the last day the entity was required to act. *Id.* § 912.4. If no written notice is given to the party of the entity's rejection of the claim, the party must file an action with the court "within two years from the accrual of the cause of action." *Id.* § 945.6(b).

In addition to complying with the claims presentation procedure, a plaintiff is obligated to plead compliance with the Act. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1245 (2004). Failure to so plead equates to a failure to state a claim. *Id.*  To adequately plead compliance with the Act, a plaintiff must set forth sufficient facts to demonstrate the presentation of a timely claim. *Via v. City of Fairfield,* 833 F. Supp.2d 1189, 1197 (E.D. Cal. 2011). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." *Shirk v. Vista Unified School Dist.*, 42 Cal. 4th 201, 209 (Cal. 2007); *accord. Mangold*, 67 F.3d at 1477.

Here, Plaintiff has not alleged sufficient facts to support his conclusion that he timely complied with the claim presentation requirements imposed under the Act. Indeed, the entirety of Plaintiff's allegation in this regard is: "Plaintiff has met all the requirements of California's Government Claims Act."  Compl. at ¶ 12.   The complaint only alleges compliance in a conclusory manner without alleging specific details as to how Plaintiff complied. There are no allegations that specify when the necessary claims were filed, when the claims were denied, and

1   whether the claims were denied expressly or by operation of law. The allegations are conclusory

2   and compliance with the Tort Claims Act is a mandatory prerequisite. *See Young v. City of*

3   *Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009)(Court held that the bare allegation that the

4   [California] Tort Claims Act has been followed is a mere conclusion that is insufficient; however

5   Plaintiff's complaint was sufficient because it contained additional factual allegations that all

6   prerequisites of the [California] Tort Claims Act had been fulfilled."). Further, Plaintiff's

7   argument that the Court must all accept all of Plaintiff's allegations as true is misguided. Under

8   *Iqbal*, a court need not accept as true Plaintiff's conclusory allegations and legal conclusions.

9   *Iqbal*, 556 U.S. at 678. Therefore, dismissal of Plaintiff's state law claims with leave to amend is

10  appropriate.

11          Although Plaintiff's complaint fails to sufficiently allege compliance with California's

12  Government Claims Act, assuming Plaintiff can demonstrate compliance with the tort claims

13  requirements, the Court will address Plaintiff's state law claims in order to provide Plaintiff with

14  the legal standards applicable to his claims. Based on the Court's guidance, Plaintiff should

15  carefully review the standards and amend only those claims that he believes, in good faith, are

16  cognizable.

17          **D.      Violation of Article I, §§ 7 and 13 of the California Constitution**

18          Plaintiff's second cause of action alleges that "Defendants deprived Plaintiff of his rights,

19  privileges and immunities as guaranteed by Article I, §§ 7 and 13 of the California Constitution."

20  Compl. at ¶ 55. Defendants contend that Article I, §§ 7 and 13 of the California Constitution does

21  not confer a private right of action for damages. (Doc. 12-1 at 10). In Opposition to Defendants'

22  Motion to Dismiss, Plaintiff voluntarily dismisses his California Constitutional claims. (Doc. 13

23  at 5). Plaintiff concedes that §§ 7 and 13 of Article I of the California Constitution do not confer a

24  private right of action for money damages. (Doc. 13 at 5).

25          Therefore, Plaintiff's Second cause of action is DISMISSED with prejudice.

26          **E.      California's Bane Act – California Civil Code Section 52.1**

27          Plaintiff's Third, Fourth and Ninth causes of action proceed under California Civil Code §

28  52.1 ("the Bane Act") against all Defendants and/or Officer Cleaver.

Section 52.1 permits a civil action against a person who interferes or attempts to interfere by threats, intimidation or coercion with "exercise or enjoyment" of rights secured by the U.S. and California Constitutions and laws. "Section 52.1(b) provides a cause of action to any person who has been denied rights under the laws of California." *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1289, n. 13 (9th Cir. 2001), *cert. denied*, 537 U.S. 1098 (2003). The necessary elements for a section 52.1 claim are: "(1) defendants interfered with plaintiff's constitutional rights by threatening or committing violent acts; (2) that plaintiff reasonably believed that if she exercised her constitutional rights, defendants would commit violence against her; (3) plaintiff was harmed; and (4) defendants' conduct was a substantial factor in causing plaintiff's harm." *Tolosko-Parker v. County of Sonoma*, 2009 U.S. Dist. LEXIS 15598, 2009 WL 498099, at *5 (N.D. Cal. 2009).

A § 52.1 plaintiff need not allege the defendant acted with discriminatory animus or intent, rather a defendant is liable if he or she interfered with the plaintiff's legal or constitutional rights by the requisite threats, intimidation, or coercion. *See Venegas v. County of Los Angeles*, 32 Cal.4th 820, 841-43 (2004).  There are three elements to pleading a Bane Act claim: "(1) a legal right; (2) threats, intimidation, or coercion going beyond speech; and (3) interference." *Reinhardt v. Santa Clara Cnty.*, C05-05143, 2006 WL 3147691, *7 (N.D. Cal. Nov. 1, 2006).

### i.      Plaintiff's Third Cause of Action

Defendants contend that Plaintiff's Third cause of action under the Bane Act, Cal. Civ. Code § 52.1, must necessarily fail because it does not specify which defendants used improper means (threats, intimidation, or coercion) to interfere with Plaintiff's rights, if at all.  (Doc. 12 at 12).  Specifically, Defendants argue that Plaintiff fails to identify who was involved in the underlying arrest or what right was alleged to have been interfered with, and where or how threats, intimidation or coercion were involved.

The entire relevant portion of Plaintiff's third cause of action reads "Defendants acted violently against Plaintiff and prevented and interfered with the exercise and enjoyment of his federal and California state rights." Compl. at ¶ 60.  This allegation is vague and fails to allege facts pertaining to individual defendants. All of the defendants are lumped together and Plaintiff

1    does not articulate which facts as to which defendant entitles him to relief under the Bane Act.

2    Plaintiff's recitation of the elements of a Bane Act claim without bringing forth any of the

3    requisite facts is fatal to this claim.  Additionally, Plaintiff fails to plead the critical elements of

4    interference with a legal right. Therefore, Defendants' motion to dismiss Plaintiff's Third cause of

5    action is GRANTED with leave to amend. In order to state a claim upon amendment, Plaintiff

6    must allege sufficient facts regarding which Defendants interfered with a legal right through

7    threats, intimidation, or coercion.

8                    **ii.    Plaintiff's Fourth and Ninth Causes of Action**

9         Plaintiff's Fourth and Ninth causes of action allege similar violations of the Bane Act

10   against Officer Cleaver only. In his Fourth cause of action, Plaintiff alleges that after the

11   paramedics arrived, he was sitting on a gurney when Officer Cleaver walked over to the gurney

12   and pressed the head of the Taser directly into Plaintiff's shin. Compl. at ¶ 62. Officer Cleaver

13   then whispered to Plaintiff, "I dare you to move so I can pump you full of 50,000 volts again."

14   Compl. at ¶ 62. Plaintiff further alleges that he reasonably believed Officer Cleaver would tase

15   him because he had the apparent authority to do so. Compl. at ¶ 63.  In Plaintiff's Ninth Cause of

16   action, Plaintiff alleges that at the time Officer Cleaver and Officer Gonzalez took Plaintiff into

17   custody, Officer Cleaver, at close range, targeted Plaintiff's chest with a Taser and ordered

18   Plaintiff to get down on his knees.  After Plaintiff got down on his knees, Officer Gonzalez

19   handcuffed him.  Compl. at ¶ 23.  While Plaintiff was still on his knees, Officer Cleaver accused

20   Plaintiff of "flexing" and told him that if he did not stop flexing Officer Cleaver "would fucking

21   shoot" him (with the Taser).  Compl. at ¶ 23. Defendants move to dismiss these causes of action

22   because Plaintiff fails to identify the specific constitutional or statutory right interfered with by

23   Defendant Cleaver. (Doc. 12-1 at 21).

24        Here, Plaintiff sufficiently pleads the second element of the Bane Act, "threats,

25   intimidation or coercion," because the alleged threat to tase Plaintiff again was more than just a

26   verbal threat.   According to Plaintiff, Officer Cleaver allegedly tased Plaintiff multiple times

27   before and had the apparent ability to do so at the time of the alleged incident. Although Plaintiff

28   fails to specifically plead what legal right was interfered with, the Court construes Plaintiff's

                                              14

1   Fourth and Ninth causes of action to allege interference with Plaintiff's right to be free from

2   unreasonable use of force.  However, in light of Plaintiff's failure to sufficiently allege compliance

3   with the CGCA, Plaintiff's state-law claims against all Defendants are DISMISSED with leave to

4   amend.  Therefore, Defendants' Motion to Dismiss Plaintiff's Fourth and Ninth causes of action

5   against Officer Cleaver is GRANTED.

6   **F.   Assault**

7   Defendants argue that Plaintiff's Sixth cause of action fails to allege sufficient facts to

8   support a cause of action for assault. (Doc. 12 at 21-22).  In his Sixth cause of action, Plaintiff

9   alleges that when Defendants aggressively approached the patrol unit and surrounded the vehicle,

10   Plaintiff reasonably believed that Defendants threatened to touch Plaintiff in a harmful manner.

11   Plaintiff further reasonably believed that Defendants would and could carry out that threat. Compl.

12   at ¶¶ 71-73.

13   Assault is the "unlawful attempt, coupled with a present ability, to commit a violent injury

14   on the person of another. *Tekle v. United States,* 511 F.3d 839, 855 (9th Cir. 2007). The elements

15   of a civil assault under California law are: (1) defendant acted with intent to cause harmful or

16   offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff

17   reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably

18   appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent

19   to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial

20   factor in causing plaintiff's harm. *Yun Hee So v. Sook Ja Shin*, 212 Cal.App.4th 652, 669 (2013).

21   Plaintiff alleges that the immediate half-circle formation taken by the individual officers

22   was a display of force that made him anxious. Compl. at ¶ 32. Plaintiff further alleges that

23   Defendants "shouted in an extremely aggressive manner, 'put your fucking hands up now!' 'let me

24   see your fucking hands!' 'get out of the car now!' and/or words to that effect." Compl. at ¶ 32.

25   Based on Plaintiff's complaint, his allegations meet the pleading standard for the tort of assault.

26   Plaintiff alleges that the intentional formation around the patrol unit and the aggressive yelling led

27   him to reasonably believe that the officers were going to intentionally harm him. Plaintiff did not

28   consent to Defendants' conduct, and he alleges that this formation then led to the attack by the

individual officers.   Based on these allegations, Plaintiff has adequately alleged a cause of action for the tort of assault.   Nonetheless, in light of Plaintiff's failure to sufficiently allege compliance with the CGCA, Plaintiff's state-law claims against all Defendants are DISMISSED with leave to amend.

Accordingly, Plaintiff's Sixth cause of action for failure to state a claim for assault is DISMISSED with leave to amend.

**G.    Battery**

Defendants similarly argue that Plaintiff's Seventh cause of action against the individual defendants fails to allege sufficient facts to support a cause of action for battery. In his battery claim, Plaintiff alleges that Defendants touched him with the intent to harm him and that he did not consent to the touching. Compl. at ¶¶ 78-79. Defendants contend that insufficient facts were alleged to support Plaintiff's cause of action for battery. (Doc. 12-1 at 14).

"A battery is any willful and unlawful use of force or violence upon the person of another. Cal. Penal Code § 242. "The elements of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss, or harm to plaintiff." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526 (2009). Police officers are not similarly situated to ordinary battery defendants. *Id.* at 527.

To recover against a police officer for civil battery, Plaintiff must prove that an officer's use of force was unreasonable under the circumstances. *Id.*; *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (1998).   Plaintiff's complaint contains allegations that "other officers" "yanked" Plaintiff's handcuffs, punched him in the head and face multiple times, and that he was pummeled by officers. Compl. at ¶¶ 36-39. Although the allegations do not identify which defendant did what, Plaintiff has alleged a sufficient factual basis for a claim for battery for the following reasons: (1) Plaintiff has alleged that the officers acted intentionally; (2) Plaintiff has alleged that he was pummeled and punched in the head and face by the officers which are unlawful and harmful contact; (3) Plaintiff was allegedly handcuffed at the time he was allegedly attacked by the officers. Plaintiff is not required to go into great detail in describing the basis of

his claim, but he should allege facts that show the circumstances of his encounter with the officers and what the officers did that could be considered excessive force. Plaintiff's battery claim meets the minimum pleading standards given the factual allegations that Plaintiff was repeatedly punched and kicked unconscious by the officers while he was handcuffed.

Furthermore, Plaintiff has sufficiently pled a battery claim against Officer Taifane. Plaintiff alleges that Officer Taifane "viciously attacked Plaintiff with a cross-face chokehold and attempted to take Plaintiff down." Compl. at ¶ 35. Plaintiff further alleges, "[U]sing his knee and massive body weight [Officer Taifane] struck the back of Plaintiff's head driving his face into the sidewalk. At or about this time, Officer Taifane grabbed Plaintiff's left arm, pulled it to Plaintiff's backside and yanked it violently upward into an unnatural and painful position." Compl. at ¶ 38. Plaintiff also alleges that he suffered at least two more strikes to the head before he lost consciousness. Compl. at ¶ 39.

As with the other officers, Plaintiff has sufficiently pled the elements of battery by a police officer by stating that Officer Taifane acted intentionally when he allegedly put Plaintiff in a chokehold and pushed him onto the sidewalk. Nevertheless, in light of Plaintiff's failure to sufficiently allege compliance with the CGCA, Plaintiff's state-law claims against all Defendants are DISMISSED with leave to amend.

Accordingly, Plaintiff's Seventh cause of action is DISMISSED with leave to amend.

**H.     False Arrest/Imprisonment without Warrant by a Peace Officer**

Plaintiff's Eighth cause of action alleges false arrest/imprisonment without a warrant by a peace officer. Compl. at ¶ 81. Again, Defendants argue that Plaintiff fails to specifically identify which officers were involved with Plaintiff's arrest and that not all Defendants were present at the time of Plaintiff's arrest. (Doc. 12-1 at 15).

"In California, false arrest and false imprisonment are not separate torts." *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992). "False arrest is but one way of committing a false imprisonment." *Id.* (internal quotation marks and citations omitted). In order to state a claim for false imprisonment, the plaintiff must allege: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief."

1    *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000).

2       Plaintiff states that he was arrested for allegedly violating California Penal Code § 69

3    when he failed to comply with Officer Gonzalez' request to return the motorcycle ignition key.

4    Compl. at ¶¶ 18-22. "The Fourth Amendment requires police officers to have probable cause

5    before making a warrantless arrest." *Aleman v. City of Bakersfield,* 1:11-CV-2006, 2013 WL

6    3936740, *4 (E.D. Cal. July 30, 2013) (AWI) (*citing Ramirez v. City of Buena Park,* 560 F.3d

7    1012, 1023 (9th Cir.2009); *see Beier v. City of Lewiston,* 354 F.3d 1058, 1065 (9th Cir.2004)).

8    "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy

9    information sufficient to lead a person of reasonable caution to believe that an offense has been or

10   is being committed by the person being arrested." *Aleman*, 2013 WL 3936740, at *4 (*citing Rodis

11   v. City & County of San Francisco,* 558 F.3d 964, 969 (9th Cir. 2009); *John v. City of El Monte,*

12   515 F.3d 936, 940 (9th Cir. 2008). Courts look to "the totality of the circumstances known to the

13   arresting officers, to determine if a prudent person would have concluded there was a fair

14   probability that the defendant had committed a crime." *Aleman*, 2013 WL 3936740, at *4 (*citing

15   John,* 515 F.3d at 940; *see Hart v. Parks,* 450 F.3d 1059, 1066 (9th Cir. 2006)).

16       Supreme Court authority holds that, if "an officer has probable cause to believe that an

17   individual has committed even a very minor criminal offense in his presence, he may, without

18   violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S.

19   318, 354 (2001). This is so even when the state offense does not authorize an arrest and is

20   punishable by a fine only. *Arkansas v. Sullivan,* 532 U.S. 769, 771, (2001); *Atwater,* 532 U.S. at

21   323.  Even though an officer may violate state law by making an arrest for an unarrestable offense,

22   as long as the officer has probable cause to believe that an offense was committed, the officer's

23   violation of state law will not in turn violate the Fourth Amendment. *Virginia v. Moore,* 553 U.S.

24   164, 176–78, (2008); *Martinez–Medina v. Holder,* 673 F.3d 1029, 1036–37 (9th Cir. 2011).

25       On the pleaded facts, Plaintiff was initially stopped for a traffic infraction (Plaintiff was

26   not properly licensed to operate a motorcycle). Compl. at ¶ 13. False imprisonment is the

27   "unlawful violation of the personal liberty of another," including a confinement that is "without

28   lawful privilege." *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 757, (1997) (*quoting Fermino v.*

*Fedco Inc.*, 7 Cal. 4th 701, 715, (1994)).  If Defendants acted lawfully, they cannot be liable for false imprisonment because "[i]mprisonment based upon lawful arrest is not false, and is not actionable in tort."  *Moore v. City & County of San Francisco*, 5 Cal. App. 3d 728, 735 (1970). Plaintiff's allegation that he was stopped and subsequently arrested for a traffic violation satisfies the requirement that Officer Gonzalez acted with lawful privilege in arresting Plaintiff. Further, Plaintiff has not alleged sufficient facts demonstrating that the other officers had personal involvement in Plaintiff's initial arrest.  This is insufficient to state a claim against all Defendants. Therefore, Defendants Motion to Dismiss Plaintiff's Eighth cause of action is GRANTED with leave to amend. In order to state a claim upon amendment, Plaintiff must allege that Officer Gonzalez did not have a lawful privilege to arrest him.

## I.      Intentional Infliction of Emotional Distress

Defendants move to dismiss Plaintiff's Eleventh and Twelfth causes of action for intentional infliction of emotional distress ("IIED") collectively against all defendants because Plaintiff fails to identify the wrongful actions by specific individual defendants.   Further, Defendants argue that Plaintiff's claims fail to allege extreme or outrageous conduct by Defendants.  (Doc. 12-1 at 15). Plaintiff alleges that Defendants' conduct was grossly outrageous and that "Defendants' intended to cause Plaintiff emotional distress or acted with a reckless disregard of the probability that Plaintiff would suffer emotional distress." Compl. at ¶¶ 93-94. Plaintiff further alleges that he suffered severe emotional distress and Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress. Compl. at ¶¶ 95-96.   Even assuming the appropriate administrative claims statutes have been satisfied by Plaintiff, the allegations of Plaintiff's IIED claim are deficient.

Under California law, the elements of the tort of intentional infliction of emotional distress ("IIED") are: (1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Christensen v. Superior Court*, 54 Cal. 3d 868 (Cal. 1991).  For conduct to be "outrageous" it "must be so extreme as to exceed all

bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

Plaintiff's penchant for directing his claims against a long list of defendants requires amendment.  Unlike for certain claims by Plaintiff, on the current pleadings, it is not possible to cobble together a cognizant set of factual allegations pertaining to Plaintiff's allegations of IIED against all Defendants. Plaintiff's complaint lumps all of the Defendants together without separately alleging the basis for each Defendant's alleged extreme conduct, whether that conduct was intentional, and how the conduct contributed to Plaintiff's emotional distress. Plaintiff's theory appears to be that because all Defendants participated in his arrest in some way, that collectively their actions were intended to cause emotional distress.  The law does not support such a broad inference.

Also most notably, Plaintiff's opposition to the Motion contains no argument with respect to his IIED claims; thus, Plaintiff implicitly concedes that these claims are subject to dismissal. Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Eleventh and Twelfth causes of action is GRANTED with leave to amend.

**J.      Plaintiff's Claim or Prayer for Punitive Damages Should Be Dismissed**

Finally, Defendants move to dismiss Plaintiff's request for relief in the form of punitive damages on the grounds that: (1) punitive damages are not available in connection with Section 1983 claims asserted against public entities; and (2) California Government Code § 818 bars awards of punitive damages against public entities. (Doc. 12-1 at 24).

Defendants correctly argue and Plaintiff agrees that a plaintiff may not recover punitive damages from a municipality on a claim brought pursuant to 42 U.S.C. § 1983. The Supreme Court has squarely held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *see also Jefferson v. City of Tarrant, Ala.*, 522 U.S. 75, 79 (1997); *accord Bell v. Clackamas County*, 341 F.3d 858, 868 n.4 (9th Cir. 2003). The County also correctly contends that, as a general matter, the California Government Code bars punitive damages awards against public entities. *See* Cal. Gov't Code § 818; *see also Westlands Water Dist. v. Amoco Chem. Co.*, 953 F.2d 1109, 1113 (9th Cir. 1991) ("California Government Code § 818 bars any award of punitive damages

against a public entity."). Further, Plaintiff concedes that punitive damages may not be awarded against municipalities in § 1983 actions. (Doc. 13 at 9). Accordingly, Defendants Motion to Dismiss Plaintiff's request for punitive damages is GRANTED.

### K.      Leave to Amend the Complaint

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). This "policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Here, as the allegations are such that amendment may permit Plaintiff to state sufficient plausible claims, the Court grants leave to amend all claims not expressly dismissed with prejudice.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's complaint is GRANTED IN PART with LEAVE TO AMEND and DENIED IN PART as follows:

1. Defendants Motion to Dismiss Plaintiff's First Cause of Action is DENIED as to the individual officer defendants and GRANTED as to the City of Clovis;

2. Plaintiff's Second Cause of Action is DISMISSED with prejudice;

3. Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth causes of action are DISMISSED with leave to AMEND;

4. Defendants' Motion to Stay Civil Action is DENIED as MOOT; and

5. Plaintiff shall file an amended complaint within thirty (30) days of the date of entry of this Order;

IT IS SO ORDERED.

Dated:   **August 4, 2014**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE