Charles A. Piccuta (56010)
PICCUTA LAW GROUP, LLP
400 West Franklin Street
Monterey, CA 93940
Telephone: (831) 920-3111
Facsimile:   (831) 920-3112
Email: chuck@piccutalaw.com

LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
5032 Woodminster Lane
Oakland, CA  94602
(510)530-4078
(510)530-4725/FAX
panoslagos@aol.com

Attorneys for Plaintiff, George Michael Macias, Jr.

United States District Court

Eastern District of California

| | |
|---|---|
| George Michael Macias, Jr.,<br><br>Plaintiff<br><br>vs.<br><br>Steve Cleaver, Cesar Gonzalez, Eric Taifane, Angel Velasquez, the City of Clovis and DOES 1-10, inclusive,<br><br>Defendants | Case: 1:13-cv-01819-AWI-BAM<br><br>NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO AMEND SCHEDULING CONFERENCE ORDER<br><br>Date: 06/26/2015<br>Time: 9:00 a.m.<br>Location: Ctrm. 8, 6th Floor<br><br>Parties Have Stipulated to:<br><br>U.S. Magistrate Judge Barbara A. McAuliffe |

NOTICE IS HEREBY GIVEN that on June 26, 2015, at 9:00 a.m., in the Courtroom 8 located on the 6th Floor of the United States District Court for the Eastern District of California, 2500 Tulare Street, Fresno, CA, 93721, Plaintiff, GEORGE MICHAEL MACIAS, JR., will, and hereby does, move for leave to file a second amended complaint, a copy of which is attached as Exhibit A hereto, and to amend the Court's December 1, 2014 Scheduling Conference Order [Dkt. #35] extending the deadline within which to amend the pleadings, originally set for February 20, 2015.

This motion is made on the grounds that the amended complaint includes causes of action permissible under Fed. R. Civ. P. 15. The motion is based on this Notice of Motion, the accompanying memorandum of points and authorities, the declaration of counsel and exhibits thereto, on the records and file herein, and on such other evidence as may be presented at or before the hearing of this motion.

## INTRODUCTION

Plaintiff, GEORGE MICHAEL MACIAS, JR., respectfully moves this Court for an entry of an order pursuant to Fed. R. Civ. P. 15 granting leave to file an amended complaint and accepting and filing the proposed Second Amended Complaint attached herewith and to amend the December 1, 2014 Scheduling Conference Order.

The amended complaint seeks to add a malicious prosecution claim in derogation of the United States Constitution and to add a First and Fourteenth Amendment claim in derogation of the United States Constitution.

On May 13, 2015, the undersigned provided a [Proposed] Second Amended Complaint[1] to opposing counsel and requested their willingness to permit its filing by Stipulation. (See Exhibit B hereto). On May 19, 2015, opposing counsel responded to that May 13, 2015 request stating that they could not agree to stipulate to the filing of [Proposed] Second Amended Complaint. (See Exhibit C hereto). Accordingly, Plaintiff seeks this Court's permission to amend the existing complaint and Scheduling Conference Order which should be granted for the reasons set forth below.

## PROCEDURAL HISTORY

On November 11, 2013, Plaintiff filed his complaint in this Court regarding the use of force by City of Clovis police officers. The claims presented included: Violation of Civil Rights (28 U.S.C. §1983); Assault; Battery; False Arrest/Imprisonment; Violation of Bane Act (Civil Code §52.2); Violation of Civil Rights (California Constitution, Art. 1 §§7 and 13); Intentional Infliction of Emotional Distress. On September 4, 2014, Plaintiff's First Amended Complaint [Dkt. #31] was filed alleging:

---

[1] Exhibit A hereto includes further minor editing.

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; AMEND SCHEDULING CONFERENCE ORDER

*Macias v. Cleaver, et al.*
USDC (E.D. Cal.) Case No.: 1:13-cv-01819-AWI-GAM     - 2 –

1. <u>Violation of Civil Rights - 42 U.S.C. 1983</u>

(Against Officers Cleaver, Gonzalez, Taifane and Velasquez in Their Individual Capacities)

(Arrest, Search and Seizure Without Probable Cause/Unreasonable Use of Force)

2. <u>Violation of the Bane Act, California Civil Code §52.1</u>

(Against Officers Cleaver, Gonzalez, Taifane and Velasquez and Against the City of Clovis Pursuant to Cal. Gov. Code §815.2)

3. <u>Assault</u>

(Against Officers Cleaver, Gonzalez, Taifane and Velasquez and Against The City of Clovis Pursuant to Cal. Gov. Code §815.2)

4. <u>Battery</u>

(Against Officers Cleaver, Gonzalez, Taifane and Velasquez and Against The City of Clovis Pursuant to Cal. Gov. Code §815.2)

5. <u>Violation of the Bane Act, California Civil Code §52.1</u>

(Against Officer Cleaver and Against the City of Clovis Pursuant to Cal. Gov. Code §815.2)

6. <u>Assault</u>

(Against Officer Cleaver and Against The City of Clovis Pursuant to Cal. Gov. Code §815.2

7. <u>Violation of the Bane Act, California Civil Code §52.1</u>

(Against Officer Cleaver and Against the City of Clovis Pursuant to Cal. Gov. Code §815.2)

8. <u>Assault</u>

(Against Officer Cleaver and Against The City of Clovis Pursuant to Cal. Gov. Code §815.2)

9. <u>Intentional Infliction of Emotional Distress</u>

(Against Officer Cleaver and Against the City of Clovis)

///

On May 8, 2015, an Association of Counsel was filed [Dkt. #36] associating the undersigned, Panos Lagos, with Charles A. Piccuta.

### STATEMENT OF FACTS

The Complaint and its initial claims brought by Plaintiff arose from the violent, unnecessary and inappropriate use of force by City of Clovis Police Department Officers Steve Cleaver, Cesar Gonzalez, Eric Taifane, and Angel Velasquez, on September 30, 2012, following a traffic stop of Plaintiff. After Plaintiff was requested to turn over the key to his motorcycle and following some level of verbal disgust and refusal by Plaintiff, he was subjected to unnecessary and inappropriate force including arrest.

Following his arrest, Plaintiff was criminally prosecuted based upon misrepresentations by these officers of the facts of the incident. On March 10, 2014, Plaintiff was acquitted of the criminal charges (violation of Penal Code §148(a)(1) (resisting a peace officer)) by a unanimous jury.

As a result of the incident, Plaintiff suffered physical injuries including facial bruising, abrasions, contusions, loss of consciousness, concussion and related symptoms from that concussion. Plaintiff also incurred medical bills for the care he received for his injuries. Plaintiff also incurred attorney fees, investigative fees and other costs and expenses in defending himself against the deliberately fabricated and unfounded criminal charges presented against him by the Defendant officers.

### ARGUMENT

**1. PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FED. R. CIV. P. 15**

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave to amend when justice so requires." "In exercising its discretion, district courts should grant leave to amend with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The decision whether to grant leave to amend a pleading is within the sound distraction of the district court, but as this Court has aptly recognizes "this discretion is

strictly circumscribed by the provision that 'leave [should] be freely given when justice so requires.'" Therefore, a justifying reason must be apparent for denial of a motion to amend. "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."

Plaintiff's Complaint [Dkt. #1] and First Amended Complaint [Dkt. #31] have clearly categorized this case as one concerning the use of unnecessary and inappropriate force. *See*, Statement of Facts, First Amended Complaint [Dkt. #31, pp. 4-10]. Also set forth in Dkt. #31 is the refusal of Plaintiff to provide Defendants the requested ignition key to Plaintiff's motorcycle. *See*, Dkt. #31, 5:9-17. (The proposed Second Amended Complaint further alleges that Plaintiff uttered a profanity during the course of his refusal.) Finally, Plaintiff, in Dkt. #31, alleged that he proceeded to Trial for the violation of PC §148 and was acquitted on March 10, 2014.

The facts, as alleged, giving rise to the proposed new claims arise from the same incident as the claims asserted in Dkt. #31. The additional claims sought in the proposed Second Amended Complaint relate to the identical circumstances as **originally alleged** in Plaintiff's preceding Complaints.

Plaintiff is not seeking to add any new parties. The proposed claims do not change the nature of this case or alter the rights of a party already in this litigation. The failure to bring the proposed claims at an earlier date is not attributable to a lack of diligence. Rather, Plaintiff's original counsel, while generally familiar with this area of the law, inadvertently left these claims out. As soon as associated counsel, Panos Lagos, was substituted into the case, the meet and confer process to amend the Complaint was commenced to properly allege all claims available to Plaintiff.

**2.    FED. R. CIV. P. 15 "FACTORS" WEIGH IN FAVOR OF GRANTING LEAVE**

A.    Undue Delay

There has been no undue delay. While the Scheduling Order's deadline to amend pleadings has come and gone, there is ample time to conduct discovery on any new claims which are the subject of the proposed Second Amended Complaint. In fact, no depositions whatsoever have been conducted to date. The presently-set non-expert discovery cut-off date is June 19,

2015. The presently-set expert discovery cut-off date is September 4, 2015.

To deny a motion to amend for the reason that the moving party unduly delayed in seeking leave, a court **must** also "find at least some 'significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) citing to *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Delay in seeking leave is not a sufficient basis, by itself, for denying leave to amend where a court finds no prejudice to an opposition party. *Duggins*, at 834.

B.      Undue Prejudice

Of the factors to consider when ruling on a motion for leave, "[p]rejudice to the opposing party must be given the greatest weight." *Fresno Unified School Dist. V. K.U. ex rel. A.D.U.*, 980 F.Supp.2d 1160, 1175 (9th Cir. 2013) citing to *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).)

"Undue prejudice" means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)" *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1084-85 (S.D. Cal. 2002). The proposed amendment does not radically shift the scope of this litigation nor does it, at a late hour, require the Defendants to take an entirely new course of defense. Furthermore, any prejudice to the non-movant, Defendants herein, must be weighed against the prejudice to the moving party, Plaintiff herein, if the request to amend is denied. *Bell v. Allstate Life Insurance Company*, 160 F.3d 452, 454 (9th Cir. 1998).  The party opposing the amendment bears the burden of showing prejudice. *D. C. D. Programs Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In *Hall v. City of Los Angeles*, 697 F.3d 1059 (9th Cir. 2012), plaintiff Hall brought a civil action against the city the police department for fabricating evidence in order to substantiate criminally charging Hall for murder. Two years after filing the complaint, hall sought leave to amend to assert a claim under the Fifth Amendment. *Id*. at 1072. Defendants as in the present

action argued undue delay and prejudice.  Despite the fact that Hall failed to meet and confer, the court granted leave to amend stating that "the complaint gave Appellees fair notice of the facts supporting the coerced interrogation claim."  "Moreover, it is questionable whether the amendment would have required additional discovery, given the extensive discovery the parties." *Id*. at 1073. The court also gave weight to the injustice suffered by Hall due to the abuse of police power, "events not fit for a just and fair society." *Id*. They stressed the importance of safeguarding "the fairness, integrity and reputation of our courts, by making justice possible for Hall. See *Atkinson*, 297 U.S. at 160, 56 S.Ct. 391." *Id*. at 1073. The prejudice to the Plaintiff would be substantial.

  C. No Bad Faith

  There is no bad faith in the requested relief. "Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). It includes amendments filed frivolously or for an improper purpose. *Westlake North Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990)." *Fresno*, 980 F.Supp.2d at 1178. Here, the facts support adding the requested claims to reinforce the existing use of force claims, follow-up on the criminal prosecution, and to complete the First Amendment right which was already implicated.

**3. MALICIOUS PROSECUTION UNDER §1983**

  A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of his "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995). Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully

caused the charges to be filed. *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126-27 (9th Cir.2002).

As stated in *Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004):

> "Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings. *Smiddy v. Varney,* 665 F.2d 261, 266-68 (9th Cir.1981). However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, **knowingly provided misinformation to him**, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings. *See Galbraith,* 307 F.3d at 1126-27 (holding that plaintiff's allegations that a coroner's knowingly or recklessly false statements led to his arrest and prosecution were sufficient to state a § 1983 claim); *Harris v. Roderick,* 126 F.3d 1189, 1198 (9th Cir.1997) (holding that a probable cause determination "that is 'tainted by the malicious actions of the government officials [involved]' does not preclude a claim against the officials involved.") (quoting *Hand v. Gary,* 838 F.2d 1420, 1426 (5th Cir.1988)). *See also* 5 Witkin, Summary of Cal. Law, *Torts* § 418 (9th ed. 1998) ("One who procures a third person to institute **\*1068** a malicious prosecution is liable, just as if he instituted it himself.")." (emphasis added.)

Plaintiff has alleged the knowing fabrication of material facts in the reporting of the incident which was later presented to the District Attorney's office. Also alleged is the resulting criminal prosecution of the Plaintiff in derogation of his rights under the Fourteenth Amendment, First as well as the Fourth Amendment. In accord, see *Hill v. Clovis Police Department*, 2011 WL5828224 *3.

///

With regard to knowingly false statements within the context of an affidavit presented to a Magistrate for the issuance of a warrant and the determination of probable cause by a Magistrate, our Supreme Court stated: "because it is the Magistrate who must determine independently whether there is probable cause, [citations omitted], it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberately or reckless false statement, were to stand beyond impeachment." *Franks v. Delaware*, 438 U.S. 154 at 165 (1978).

## CONCLUSION

Leave to amend should indeed by freely given when justice so requires. Here, justice so requires. Plaintiff must assert the appropriate claims and theories of recovery for the wrong committed upon him including claims for the violation of Plaintiff's First, Fourth and Fourteenth Amendment rights and the constitutional claim of malicious prosecution as stated in the proposed Second Amended Complaint. Fed. R. Civ. P. 15 and 16 are designed to further the ends of justice, and to promote the fair resolution of cases on their merits. "Rule 15 and 16 provides an important mechanism for carrying out one of the basic policies of the Federal Rules the determination of disputes on their merits rather than on the basis of procedural niceties or tactical advantage." Wright, Miller and Kane, *Fed. Prac. And Proc.: Civil 2d*, §1522. Good cause exists to amend now. There is no prejudice much less undue prejudice. For these reasons, Plaintiff respectfully requests that this Motion be granted and that leave be given for Plaintiff to file the proposed Second Amended Complaint.

Dated: May 20, 2015                                       LAW OFFICES OF PANOS LAGOS

/s/PANOS LAGOS
Panos Lagos, Esq.
Attorneys for Plaintiff,
GEORGE MICHAEL MACIAS, JR.