IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MICHAEL MACIAS, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CLOVIS and the following employees of said City's Police Department: SERGEANT J. GOMEZ (ID #5048), CORPORAL C. ARANAS (ID #5196), Officer CESAR GONZALEZ (ID #5422), Officer E. TAIFANE (ID # 5057), Officer A. VELASQUEZ (ID #5445), Officer C. PETERS (ID #5515), STEVE CLEAVER (ID #5469), JAMES KOCH (ID #5136) and DOES 1-25, inclusive,<br><br>　　　　　Defendants. | CASE NO. 1:13-CV-01819-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(Doc. 37) |

Before the Court is Plaintiff's Motion for Leave to Amend his Complaint filed on May 20, 2015. (Doc. 37). Defendants City of Clovis and individual defendant police officers[1] filed an opposition on June 10, 2015 (Doc. 42), and Plaintiff filed a reply on June 18, 2015. (Doc. 45). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing scheduled for June 26, 2015. Having considered the moving, opposition, and reply papers, and the entire Court's file, Plaintiff's Motion to Amend is DENIED.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff initiated this unlawful arrest and excessive force action on November 11, 2013. (Doc. 1). In his complaint, Plaintiff asserts twelve causes of action against Defendants related to a

---

[1] Defendants are the City, Sergeant Gomez ("Sgt. Gomez"), Corporal Aranas ("Cpl. Aranas"), Officer Gonzalez ("Gonzalez"), Officer Taifane ("Taifane"), Officer Velasquez ("Velasquez"), Officer Peters ("Peters"), Steve Cleaver ("Cleaver"), James Koch ("Koch") and Does 1-25 (collectively "Defendants").

traffic stop occurring on September 30, 2012, including: (1) violation of Civil Rights pursuant to 42 U.S.C. § 1983 against all Defendants; (2) violation of Civil Rights under the California Constitution Art. 1 §§ 7 and 13 against all Defendants; (3) violation of the Bane Act under California Civil Code § 52.1 against all Defendants; (4) violation of the Bane Act under California Civil Code § 52.1 against Officer Cleaver only; (5) battery against Officer Cleaver only; (6) assault against all Defendants; (7) battery against all Defendants; (8) false arrest/imprisonment against all Defendants; (9) violation of the Bane Act under California Civil Code § 52.1 against Officer Cleaver only;  (10) assault against Officer Cleaver only; (11) intentional infliction of emotional distress against all Defendants; (12) intentional infliction of emotional distress against Officer Cleaver only. Compl. at ¶¶ 46-101.

In the current motion, Plaintiff seeks leave to amend to add a Tenth Cause of Action for "Malicious Prosecution" in violation of the First, Fourth, and Fourteenth Amendments. (Doc. 37 at 2).  Plaintiff concedes that the amendment is untimely, but he argues that no prejudice will result from the inadvertent failure to include this cause of action in his initial complaint.  In opposing the motion, Defendants argue that the time for amending the complaint has passed as the Scheduling Order set the deadline to amend pleadings for February 20, 2015.  (Doc. 35).  Defendants also argue there is no good cause to modify the scheduling order.

## ANALYSIS

**Modifying the Scheduling Order**

Pursuant to the Court's Scheduling Order issued on December 1, 2014, the deadline to file any motion for leave to amend was February 20, 2015.  (Doc. 35). Plaintiff filed his motion on May 20, 2015, three months after the deadline.

Fed.R.Civ.P. 15(a) provides that after service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Granting or denying leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  In exercising discretion, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits rather

1  than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

2  However, where a case management scheduling order pursuant to Rule 16 sets a deadline
3  for amending pleadings and the deadline has passed, the liberal policy regarding amendment of
4  pleadings no longer applies. To allow the amendment, the scheduling order must be modified
5  which requires leave of court and a showing of "good cause." *Coleman v. Quaker Oats Co.*, 232
6  F.3d 1271, 1294 (9th Cir. 2000), *cert. denied*, 533 U.S. 950 (2001). Pursuant to Rule 16(b), a
7  scheduling order "may be modified only for good cause and with the judge's consent." Fed. R.
8  Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party
9  seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.
10 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite
11 the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry
12 should end. *Id.*

13 Plaintiff argues that the Court should grant leave to file a second amended complaint
14 because Defendants will not be prejudiced; no depositions have been taken and ample time exists
15 to complete non-expert and expert discovery. (Doc. 45 at 3). Defendants respond that Plaintiff's
16 unexplained delay in moving to amend weighs against amendment. According to Defendants,
17 Plaintiff fails to identify any recently discovered facts as Plaintiff could have filed a timely claim
18 for malicious prosecution as early as March 10, 2014—when Plaintiff was acquitted of the
19 criminal charge of resisting arrest. (Doc. 42 at 4). Defendants further argue that they will be
20 prejudiced if Plaintiff is allowed to amend because Plaintiff's malicious prosecution claim
21 contains new allegations which are based on Defendants' alleged conduct in the prosecution of the
22 plaintiff, *i.e.* the criminal trial, not his initial arrest.

23 Under Rule 16, the Court looks to whether Plaintiff has shown good cause and diligence in
24 seeking amendment. Here, Plaintiff fails to argue or show good cause for modifying the
25 Scheduling Order. Plaintiff requests leave to amend, but does not argue that he was diligent in
26 attempting to meet the Scheduling Order deadlines or otherwise explain his failure to comply with
27 the deadline. Plaintiff has had access to the same facts pled in the proposed new complaint since
28 March 2014, as his additional claim is not based on newly discovered facts. Indeed, Plaintiff's

new malicious prosecution claim is based on representations made in his 2014 criminal trial. Plaintiff has known of the same facts since March 2014—over eleven months before the amendment deadline. Plaintiff does not explain why circumstances supporting his malicious prosecution claim were undiscoverable until now. Accordingly, Plaintiff has not shown diligence in pursuing his new claim, and therefore does not satisfy the requirements of Rule 16(b).

Overall, Plaintiff's motion is untimely because it was filed after the Scheduling Order deadline. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d at 608–609 (motions filed after the deadlines set in a scheduling order are untimely and may be denied solely on this ground). Moreover, Plaintiff's request for leave fails to show good cause for modifying the Scheduling Order because Plaintiff has not demonstrated that he was diligent in attempting to meet the Scheduling Order deadline. Given this evidence, Defendants' argument is well-taken, and the Court finds Plaintiff failed to show he exercised the requisite diligence warranting an order granting him leave to amend.

## **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend is DENIED.

IT IS SO ORDERED.

Dated:   **June 26, 2015**           /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

4