1  James D. Weakley, Esq.     Bar No. 082853
   Brande L. Gustafson, Esq.  Bar No. 267130
2  Weakley & Arendt, LLP
   1630 East Shaw Ave., Suite 176
3  Fresno, California 93710
   Telephone: (559) 221-5256
4  Facsimile: (559) 221-5262
   E-Mail: Jim@walaw-fresno.com
5  E-Mail: Brande@walaw-fresno.com

6  Attorneys for Defendants, City of Clovis, Ofc. C. Gonzalez, Ofc E. Taifane, Ofc. A. Velasquez,
   and Steve Cleaver
7

8                      **UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 | GEORGE MICHAEL MACIAS, JR.        ) CASE NO. 1:13-CV-01819-BAM
                                       )
12 |     Plaintiff,                    ) **PROTECTIVE ORDER**
                                       )
13 |     vs.                           )
                                       ) Complaint Filed: November 11, 2013
14 | STEVE CLEAVER, CESAR GONZALEZ,    ) Trial Date: September 27, 2016
     ERIC TAIFANE, ANGEL VELASQUEZ,    )
15 | THE CITY OF CLOVIS and DOES 1-10, )
     inclusive,                        )
16 |                                   )
         Defendants.                   )
17

18 | 1.     **PURPOSES AND LIMITATIONS**

19        Disclosure and discovery activity in this action involve production of confidential,

20 proprietary, or private information for which special protection from public disclosure and from

21 use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

22 Defendants, City of Clovis ("City"), Officer Cesar Gonzalez ("Officer Gonzalez"), Officer E.

23 Taifane ("Officer Taifane"), Officer A. Velasquez ("Officer Velasquez"), and Officer Steve

24 Cleaver ("Officer Cleaver") have petitioned the Court to enter the following Protective Order

25 after Plaintiff represented that he would not enter into a private agreement for protection of

26 these documents. Good cause appearing, the Court ORDERS as follows:

27 / / /

28 / / /

---

\PROTECTIVE ORDER                                         *Macias v. Cleaver, et al.*
                                                          *Case No. 1:13-CV-01819-BAM*

## 2. SCOPE

The protections conferred by this Order cover not only Protected Material (as identified in paragraph 4.1), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to Plaintiff or becomes part of the public domain after its disclosure to Plaintiff as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Plaintiff prior to the disclosure or obtained by the Plaintiff after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Defendants. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 3. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 4. PROTECTED MATERIAL

4.1     <u>Protected Materials</u>

Defendants shall produce the confidential material, subject to this Protective Order on the following conditions:

(a)     <u>Documents Subject to Disclosure Limited to This Action</u>.  The documents requested by Plaintiff through discovery come from Clovis Police Department's policies and procedures adopted at the time of Plaintiff's arrest on September 30, 2012; Clovis

1  Police Department's training materials in use at the time of Plaintiff's arrest on September 30,
2  2012); and the Defendants' personnel files and from citizen complaints, accident review boards,
3  and internal investigations relating to Defendant Officers Steve Cleaver, Cesar Gonzalez, Eric
4  Taifane, and Angel Velasquez and non-defendant officers. The following confidential
5  documents and the information contained therein shall be used solely in connection with this
6  litigation, including appeals, and not for any other purpose, including other litigation:

<u>Personnel File Records of Officer Steve Cleaver</u>:

- Application of Officer Steve Cleaver for concealed weapon carry license
- Resignation Letter
- Personnel File Audit Trail
- Administrative Leave
- City of Clovis Personnel Action Forms
- Advanced POST Certificate Application
- Letter Accepting Employment
- Job Offer Letter
- Reassignment Requests
- Letters of Commendation
- Memorandum Notice of Final Action
- Bio for Swearing In
- Background Investigation Report Ronald Stephen Cleaver
- Personal History Statement – Peace Officer
- Law Enforcement Pre-Employment Polygraph Questionnaire of Officer Steve Cleaver
- Illegal Drug Use Disclosure
- Polygraph Questionnaire Employment History
- Supplemental Polygraph Questionnaire
- City of Clovis Application Responses Email of Officer Steve Cleaver
- Resume of Ronald Stephen Cleaver

- Local Criminal Records Check
- ECN Polygraph and Investigations Letter
- Affidavit of Psychological Screening of Law Enforcement Applicants
- Copy of Memorandum of Direction of Officer Steve Cleaver
- Memorandum of Direction
- Notice of Appointment/Termination
- Motorcycle Enforcement and Safety Certificate of Completion
- CHP Appointment Certificate
- Clovis Police Department Performance Evaluations for Officer Steve Cleaver
- Accident Review Board ("ARB") # 11-09
- Internal Affairs ("IA") #11-04
- IA # 13-06
- IA # 14-02
- Citizen Complaint # 12-08

Personnel File Records of Officer Cesar Gonzalez:

- City of Clovis Personnel Action Form
- Letters of Commendation
- Clovis Police Department Performance Evaluations for Officer Cesar Gonzalez
- Reassignment Request
- Citizen Complaint # 13-03

Personnel File Records of Officer Eric Taifane:

- Letters of Commendation
- Clovis Police Department Performance Evaluations for Officer Eric Taifane
- Citizen Complaint # 13-03

/ / /

<u>Personnel File Records of Officer Angel Velasquez</u>:

- Letters of Commendation
- Clovis Police Department Performance Evaluations for Officer Angel Velasquez
- Reassignment Requests
- Citizen Complaint # 12-09

<u>Clovis Police Department Policies</u>

- Policy No. 102 - Chief Executive Officer
- Policy No. 106 - Policy Manual
- Policy No. 200 - Organizational Structure and Responsibility
- Policy No. 208 - Training Policy
- Policy No. 302 - Deadly Force Review
- Policy No. 306 - Restraint Devices
- Policy No. 308 - Control Devices and Techniques
- Policy No. 340 - Disciplinary Policy
- Policy No. 344 - Report Preparation

<u>Clovis Police Department Training Materials</u>

- Building Searches/Simunitions (9/01/2011) In-Service Training Lesson Plan
- Pistol - Fundamentals. Rifle - Perishable Skills (2-11-2010) In-Service Training Lesson Plan
- Department Range Training (6-21-2012) Lesson Plan
- Department Range Training - Shotgun Course (6-21-2012) Lesson Plan
- Duty Pistol, Rifle Course (9-26-2012) In-Service Training Lesson Plan

(b) <u>Redaction of Confidential Information</u>. Considering the privacy concerns contained in the personnel and Internal Investigation Records, Defendants shall redact the personal identifying information (social security numbers, dates of birth, driver's license number, home addresses, telephone numbers, financial and credit histories, medical and

psychological information) for defendant officers and non-defendant officers.  For victims, witnesses, complainants, detainees, and arrestees, the last four digits of the social security number, date of birth, driver's license number, home address, and telephone number will be provided without redaction. Defendants shall also redact the identities of domestic violence victims electing to remain confidential under California Penal Code section 293.

4.2   Manner and Timing of Designations.  Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Defendants affix "CONFIDENTIAL" to each page of the protected material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Defendants identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) For information produced in some form other than documentary and for any other tangible items, that the Defendants affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

4.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Defendants' right to secure protection under this Order for such material. Upon timely correction of a designation, Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5.   ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1   Basic Principles. The Parties may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, Plaintiff must comply with the provisions of section 9 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless the Court Orders otherwise, confidential documents and the information contained therein may be disclosed only to the following persons:

(a)     Counsel of record and the named parties;

(b)     Paralegal, attorney, stenographic, clerical, and secretarial personnel employed by counsel of record;

(c)     The court and its personnel;

(d)     Stenographic reporters and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

(e)     Any outside expert or consultant retained by the parties for purposes of this litigation;

(f)     Witnesses to whom the documents and the information contained in the documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the confidential documents, and shall be informed of and shall agree to be bound by the terms of this order;

(g)     Any person expressly named and agreed to in writing by the parties.

(h)     Notwithstanding the foregoing, protected health information may be disclosed to the person about whose health the information refers.

(i)     Nothing in this protective order is intended to prevent officials or employees of the City of Clovis, or other authorized government officials, from having access to confidential documents to which they would have access in the normal course of their official duties.

/ / /

/ / /

/ / /

6. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Defendants. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Defendants who's Protected Material may be affected.

If the Defendants timely seek a protective order, the Plaintiff shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless Plaintiff has obtained the Defendants' permission. The Defendants shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Plaintiff in this action to disobey a lawful directive from another court.

7. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

(a) With the exception of disclosure pursuant to paragraphs 5.2(a), (b), (c), and (h) above, each person to whom the parties' counsel discloses confidential information or Protected Material shall, prior to the time of disclosure, be provided with a copy of this Protective Order and shall sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

(b) Plaintiffs' and Defendants' counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record shall not make copies of the confidential documents, or provide originals to anybody, except as necessary for purposes of

1   this litigation, including appeals. Plaintiffs' and Defendants' counsel are responsible to ensure
2   that these individuals comply with this protective order.
3       (c)    If Plaintiff learns that, by inadvertence or otherwise, he has disclosed Protected
4   Material to any person or in any circumstance not authorized under this Protective Order, the
5   Plaintiff must immediately (a) notify the Defendants in writing of the unauthorized
6   disclosure(s), (b) use his best efforts to retrieve all unauthorized copies of the Protected
7   Material, (c) inform the person or persons to whom unauthorized disclosure(s) were made of all
8   the terms of this Protective Order and provide them with a copy, (d) request that person or
9   persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as
10  Exhibit A.

**8.     MISCELLANEOUS**

    8.1    <u>Right to Assert Other Objections</u>.  With the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    8.2    <u>Filing Protected Material</u>. All Protected Material that is filed with the Court shall be filed with a request to seal documents in accordance with Eastern District of California Local Rule 141. Upon failure of the filing party to file confidential documents under seal in accordance with Local Rule 141, any party may request that the Court place the document under seal.

**9.     FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 3, Plaintiff must return all Protected Material to Defendants or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiff must submit a written certification to the Defendants by the 60 day deadline that (1) identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiff has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

IT IS SO ORDERED.

Dated:  **November 20, 2015**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on November __, 2015 in the case of ***George Michael Macias, Jr. v. Steve Cleaver, et al., Case No. 1:13-CV-01819-BAM***. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

\PROTECTIVE ORDER                         *Macias v. Cleaver, et al.*
                                           *Case No. 1:13-CV-01819-BAM*
11