**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE MICHAEL MACIAS, JR., | CASE NO. 1:13-cv-01819-BAM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| CITY OF CLOVIS and the following employees of said City's Police Department: SERGEANT J. GOMEZ (ID #5048), CORPORAL C. ARANAS (ID #5196), Officer CESAR GONZALEZ (ID #5422), Officer E. TAIFANE (ID # 5057), Officer A. VELASQUEZ (ID #5445), Officer C. PETERS (ID #5515), STEVE CLEAVER (ID #5469), JAMES KOCH (ID #5136) and DOES 1-25, inclusive, | (Doc. 84) |
| | ORDER VACATING AMENDED SCHEDULING ORDER |
| | (Doc. 44) |
| Defendants. | |

On February 5, 2016, Plaintiff filed a Motion for Leave to Amend his Complaint. Defendants City of Clovis and individual defendant police officers[1] filed an opposition on March 8, 2016. Plaintiff filed a reply on March 8, 2016. The Motion was heard on March 21, 2016, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Panos Lagos and Charles Tony Piccuta appeared by telephone on behalf of Plaintiff. Counsel James Weakley and Brande Gustafason appeared by telephone on behalf of the Defendants. Having considered the motion, argument presented at the hearing, as well as the Court's file, Plaintiff's Motion for Leave to file a Second Amended Complaint is GRANTED.

---

[1] Defendants seeking relief are the City, Sergeant Gomez ("Sgt. Gomez"), Corporal Aranas ("Cpl. Aranas"), Officer Gonzalez ("Gonzalez"), Officer Taifane ("Taifane"), Officer Velasquez ("Velasquez"), Officer Peters ("Peters"), Steve Cleaver ("Cleaver"), James Koch ("Koch") and Does 1-25 (collectively "Defendants").

**BACKGROUND**

**A.     Procedural Background**

Plaintiff filed his First Amended Complaint in this action on September 3, 2014. (Doc. 28). On December 1, 2014, the initial Scheduling Conference Order was issued, setting February 20, 2015 as the last day to file any amendment to the pleadings.  (Doc. 35).

On May 20, 2015, four months after the deadline to amend the Complaint, Plaintiff filed a Motion for Leave to File a Second Amended Complaint to add a single claim for malicious prosecution in violation of the First, Fourth, and Fourteenth Amendments.  (Doc. 37). On June 26, 2015, the Court entered an Order denying the Motion to Amend as untimely.  (Doc. 48). The Court found that good cause did not exist for the amendment because Plaintiff did not show diligence in his efforts to comply with the original cutoff and did not offer any new or previously undiscoverable facts supporting the amendment. (Doc. 48).  The Court stressed that no newly discovered information had been presented, "Plaintiff has had access to the same facts pled in the proposed new complaint since March 2014, as his additional claim is not based on newly discovered facts."  (Doc. 48 at 3).  The Court was convinced that Plaintiff had unduly delayed because Plaintiff's "new malicious prosecution claim is based on representations made in his 2014 criminal trial. Plaintiff has known of the same facts since March 2014."[2]  The presentation of any newly discovered facts was entirely absent, and thus the Court found: "Plaintiff does not explain why circumstances supporting his malicious prosecution claim were undiscoverable until now." (Doc. 48 at 3-4).  In the absence of newly discovered evidence, the Court denied the motion to amend for failure to demonstrate good cause.

Discovery commenced, and on February 3, 2015, Plaintiff served Requests for Production of Documents on Defendants including requests for documents related to various Internal Affairs' Investigations. *See* Piccuta Declaration "Piccuta Decl.," Doc. 49-1 at ¶ 3. On October 16, 2015, after several informal discovery conferences with the Court, Defendants filed a Motion for

---

[2] Indeed, in the moving papers, new Plaintiff's counsel candidly admitted that the malicious prosecution claim had not been included because of prior counsel's decisions.  (Doc.37, p. 5 "Plaintiff's original counsel, while generally familiar with this area of the law, inadvertently left these claims out.")  Counsel's conduct further underscored the Court's finding of lack of diligence.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson v. Mammoth Recreations,* 975 F.2d at 609.

2

1    Protective order to preclude discovery of these investigations. (Doc. 60). On November 18, 2015,
2    the Court issued an Order ordering Defendants to produce the results of the internal affairs'
3    investigations, among other documents, subject to a protective order. (Doc. 67). On November 20,
4    2015, the Court entered the Protective Order requiring counsel to limit the use of the confidential
5    documents to this litigation only. (Doc. 70). In December 2015, Plaintiff received full responsive
6    documents related to his February 2015 document request. (Piccuta Decl. at ¶ 4, Doc. 84-2).

7    In the current motion, Plaintiff again seeks leave to amend to add an additional claim for
8    civil rights malicious prosecution. Plaintiff relies on the newly discovered evidence produced in
9    the December 2015 document production. (Doc. 84 at 3).

10   **B.     Contentions of the Parties**

11   Plaintiff contends that good cause exists to modify the Scheduling Order to allow him to
12   file a second amended complaint adding factual allegations and an additional cause of action for
13   malicious prosecution. Plaintiff asserts that, after a protracted discovery dispute, Defendants
14   produced documents related to three separate internal affairs investigations demonstrating that
15   Defendants made material misrepresentations in prior police investigations. (Doc. 84 at 5).
16   Plaintiff contends that it could not have fully anticipated the need to add a malicious prosecution
17   claim because this new evidence was in the exclusive control of Defendants and was the subject of
18   a discovery dispute. Defendants withheld production of these documents and they were only
19   produced after this Court recently ruled on Defendants' request for a protective order. (Doc. 67).

20   Plaintiff also argues that Defendants will not be prejudiced by the addition of a single new
21   cause of action. The proposed amendment does not radically shift the scope of this litigation nor
22   does it, at a late hour, require the Defendants to take an entirely new course of defense. However,
23   even if prejudice were to result, any prejudice to the Defendants must be weighed against the
24   prejudice to Plaintiff in denying the requested amendment. It would be unjust to deny Plaintiff the
25   opportunity to advance his meritorious claim.

26   Defendants respond that Plaintiff has not shown good cause for failing to amend his
27   complaint before the case management deadline because Plaintiff admits that he "inadvertently left
28   these claims out." This type of argument has been rejected by the Ninth Circuit, finding that such

3

'carelessness is not compatible with a finding of diligence.' *Powell v. Fulton-El Camino Recreation and Park Dist.*, 2010 WL 3592396, at *3 (9th Cir. 2010). Defendants allege that the proposed new pleading in fact changes the theory of the case and includes new and different allegations. If Plaintiff is allowed to amend, Defendants argue they will be required to file a new responsive pleading, conduct additional discovery, and request a continuance of the September 27, 2016 trial date. Defendants further argue that Plaintiff should be prevented from filing an amended complaint because Plaintiff has not been diligent in his efforts to amend to introduce this new theory of liability. According to Defendants, Plaintiff waited nearly a year and a half after filing his First Amended Complaint and approximately a year past the amendment deadline to file a Second Amended Complaint. This delay, Defendants state, does not demonstrate the requisite good cause for the amendment.

## **LEGAL STANDARD**

When a party seeks to amend a pleading after the deadline in the applicable case management order has passed, the request implicates both Federal Rule of Civil Procedure 15 and 16. Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a). The FRCP Rule 16(b) good-cause standard should be applied first, to modify the scheduling order, then the "when justice so requires" standard of Rule 15(a) is applied. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Good cause may be demonstrated by a change in circumstance or newly discovered facts. *See Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 U.S. Dist. LEXIS 94421, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) (allowing amendment under Rule16(b) when the amendment was prompted by new evidence obtained through discovery).

When a party requests changes to the scheduling order, the Court's inquiry focuses on that party's diligence. *See, e.g., Johnson*, 975 F.2d at 609. The Ninth Circuit precedent states that, "[i]f that party was not diligent, the inquiry should end." *Id.* Prejudice to another party may reinforce the court's decision to deny leave to amend. *Id.* On occasion, courts have applied a more detailed three-part test: a movant may establish good cause by showing (1) it diligently assisted with

4

1 creation of the Rule 16 order, (2) circumstances beyond its control and anticipation prevented
2 compliance with the order, and (3) after it became apparent a new schedule was needed, the party
3 promptly sought relief. *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

4       If a party anticipates an amendment to the pleadings, it is obliged to alert the Court to the
5 nature of the possible amendment and its probable timing so that the court may structure the
6 schedule of other tasks in the context of the whole litigation. *See id.* Delayed motions presented
7 without satisfactory explanation are regularly denied. *See, e.g., Ash v. Bank of Am. Corp*., No. 10-
8 02821, 2013 U.S. Dist. LEXIS 148433, 2013 WL 5708597, at *2 (E.D. Cal. Oct. 15, 2013); *Wells
9 Fargo Bank, N.A. v. Am. Nat'l Ins. Co*., 2010 U.S. Dist. LEXIS 101310, at *7-8 (C.D. Cal. Sept.
10 13, 2010); *see also* 6A Charles A. Wright, et al., *Federal Practice & Procedure* § 1522.2 (3d ed.)
11 ("Experience shows that many more motions seeking modification of scheduling orders are denied
12 than are granted . . . ."). Motions are more often granted when the opposing party's actions caused
13 delay or when the delay is due to an outside intervening cause. *See, e.g., Orozco v. Midland Credit
14 Mgmt.,* 2013 U.S. Dist. LEXIS 106800, 2013 WL 3941318, at *3 (E.D. Cal. July 29, 2013)
15 ("[P]laintiff has pursued discovery diligently. It is defendant's dawdling, not plaintiff's, that
16 caused [the delay]." (citations omitted)); *Hood v. Hartford Life and Acc. Ins. Co*., 567 F. Supp. 2d
17 1221, 1225-26 (E.D. Cal. 2008) (granting a motion to modify the scheduling order after a
18 deposition revealed new information and new case law was issued).

19       Overall, the decision is one of broad discretion. *See Miller v. Safeco Title Ins. Co*., 758
20 F.2d 364, 369 (9th Cir. 1985).

21 **ANALYSIS**

22       Plaintiff concedes that the proposed amendment is brought after the Court's amendment
23 deadline and therefore subject to Rule 16(b)'s diligence analysis. However, Plaintiff argues that
24 newly discovered evidence establishes diligence on Plaintiff's part and further Plaintiff argues that
25 denial of the motion would produce an unjust result given the merits of his newly alleged claim.

26       **A.**     **Diligence Under Rule 16(b)**

27       The primary consideration in evaluating "good cause" under Rule 16(b) for a party's delay
28 in seeking to amend its pleading is whether the party was diligent in attempting to comply with the

deadline the Court imposed. *Johnson*, 975 F.2d at 609. While Plaintiff's earlier attempt to amend the complaint lacked diligence, Plaintiff maintains that its current motion to amend was prompted by the new evidence obtained through discovery.

On June 26, 2015, this Court denied Plaintiff's Motion for Leave to Amend to add a malicious prosecution claim for lack of diligence. In its earlier analysis, the Court attributed the lack of diligence to Plaintiff's failure to "identify any recently discovered facts" that could not have been discovered through due diligence prior to the motion to amend deadline. Absent newly discovered evidence, the Court found the motion to amend untimely because Plaintiff could have known of facts related to his malicious prosecution claims as early as March 10, 2014—when Plaintiff was acquitted of the criminal charge of resisting arrest. However, in the instant motion, Plaintiff has presented newly discovered evidence that supports Plaintiff's malicious prosecution claim; evidence which could not have been discovered prior to the amendment deadline. The changed circumstances argued by Plaintiff in his new motion to amend therefore present a rare instance where the Court must revisit this issue anew. Given the new evidence produced during discovery, the Court finds that Plaintiff has indeed been diligent in his renewed efforts to amend the complaint.

Specifically, Plaintiff explains that the evidence obtained in discovery revealed many ways in which Defendants may have been actively involved in the allegedly false prosecution of his September 2012 arrest. This evidence, supporting Plaintiff's malicious prosecution claim, could not have been known to him as early as February 20, 2015, the amendment deadline. While Plaintiff had some idea that Defendant officers may have produced false evidence related to his arrest, it was not until Defendants produced the specific documents in discovery that the alleged breadth and extent of Defendants' possible conduct came to light. Suspicions aside, discovery was needed to confirm Plaintiff's proposed amendment. Plaintiff was diligent in pursuing this discovery which was confidential and not produced until December 2015 after a long and complicated discovery dispute.

Allowing parties to amend based on information obtained through discovery is common and well established. *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2006 U.S. Dist.

LEXIS 94421, 2006 WL 3733815, 15-16 (E.D. Cal. Dec. 15, 2006) (collecting cases where court granted leave to amend based on "new information revealed through discovery"). Moreover, discovery of new evidence is often sufficient to satisfy the good cause standard. *See M.H. v. County of Alameda*, 2012 U.S. Dist. LEXIS 168412, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012) (Court specifically recognized that a plaintiff has good cause to amend a complaint to add defendants if the identities of those defendants were unknown prior to discovery). Therefore, despite Defendants' assertions to the contrary, the Court finds that Plaintiff has established "good cause" under Rule 16 to seek leave to modify the scheduling order based on newly discovered evidence.

### B. Amendment Under Rule 15

Once the movant satisfies its burden to establish good cause under Rule 16(b), the Court will then consider the permissibility of amendment under Rule 15. *Johnson*, 975 F.2d at 608. In the Ninth Circuit, Rule 15 is applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). When considering whether to grant leave to amend under Rule 15, a district court considers the presence of any of four factors including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility.[3] *Id.*; *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting "this determination should be performed with all inferences in favor of granting the motion"); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Undue delay on its own does not justify denial of a motion for leave to amend. *See, e.g., Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999). However, if undue delay would prejudice a defendant, denial of a motion for leave to amend may be justified. *See id*. In the absence of prejudice or other negative factors, the party opposing the motion to amend has the burden of showing why amendment should not be granted. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### i. Undue Delay and Prejudice to Defendants

Defendants' "undue delay" argument is very similar to their lack of "good cause" argument. They argue that undue delay has occurred in this case because Plaintiff failed to act on

---

[3] Defendants do not challenge the futility of Plaintiff's amendment.

7

1 information that he knew before the amendment deadline. According to Defendants, Plaintiff "has 2 always held a belief that Defendant officers fabricated and provided false information during the 3 2012 criminal trial." Defendants add that Plaintiff caused additional delay here when he refused to 4 accept Defendants' document productions subject to a stipulated protective order. Defendants 5 agreed to produce much of the "new evidence" relied on here as early as May 12, 2015, and then 6 again on June 19, 2016, but Plaintiff insisted that this confidential information be produced 7 without a protective order. *See* (Docs. 61-10, 61-11, 61-16, 61-17). Had Plaintiff worked with 8 Defendants to craft a stipulated protective order, instead of forcing Defendants to file a motion for 9 protective order after several informal discovery conferences with the Court, Plaintiff would have 10 had this same information nearly six months sooner. As a consequence, any delay in Plaintiff 11 receiving the Internal Affairs' investigations, was as a result of Plaintiff's own actions.

12 Here, both parties contend that the other party complicated discovery and made it more 13 difficult than necessary. Although discovery in this case has been hampered by a number of 14 protracted discovery disputes generated by both parties, none were frivolous or brought in bad 15 faith, and therefore the Court will not penalize the parties for standing on their various objections 16 to discovery. Regardless of which party is more or less responsible, it is undisputed that discovery 17 has been marked by delay and complication resulting in the belated production of the internal 18 affairs investigations in December 2015. For that reason, Plaintiff has only recently learned of the 19 additional facts and allegations regarding Defendants' conduct. Plaintiff brought the instant 20 motion soon after the documents were produced and without delay. The Court concludes that 21 there has not been a sufficient showing that Plaintiff unduly delayed filing this motion.

22 Even if Defendants could demonstrate that Plaintiff had unreasonably delayed in bringing 23 this motion, "delay alone is not sufficient to justify the denial of a motion requesting leave to 24 amend," *See DCD Programs*, 833 F.2d at 187 "particularly 'where there is a lack of prejudice to 25 the opposing party and the amended complaint is obviously not frivolous or made as a dilatory 26 maneuver in bad faith.'" *Serpa v. SBC Telecomms., Inc*., 318 F. Supp. 2d 865, 872 (N.D. Cal. 27 2004) (*quoting Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. California*, 28 648 F.2d 1252, 1254 (9th Cir. 1981)). Prejudice is the factor that weighs most heavily in the

analysis. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants argue they would be prejudiced if the motion were granted because the proposed amendment would necessitate reopening fact discovery. Further, should Plaintiff be allowed to file a Second Amended Complaint, a new motion to dismiss would be filed because the City of Clovis, who is in this case strictly in a vicarious capacity on the state law claims, cannot be vicariously liable for the alleged constitutional violations of its employees. *Monell v. Department of Social Service*s, 436 U.S. 658, 691 (1978). Defendants argue that they should not be forced to reopen discovery and prepare yet another dispositive motion.

The Court is not persuaded that Defendants have established that they will suffer substantial prejudice if Plaintiff's motion were granted. *See James ex rel. James Ambrose Johnson, Jr., 1999 Trust v. UMG Recordings, Inc*., No. C 11-1613 SI, 2012 U.S. Dist. LEXIS 146759, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) ("If a court is to deny leave to amend on grounds of undue prejudice, the prejudice must be substantial."). Extending deadlines for discovery, in light of information a party learns through discovery, is not the type of prejudice that precludes amendment. *See Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist*., 2006 U.S. Dist. LEXIS 94421, *16-17 (E.D. Cal. Dec. 15, 2006). Moreover, prejudice to Defendants, if any, is eliminated by a continuance of the discovery deadlines. *See Lopez v. Comcast Cable Communs. Mgmt. LLC*, 2016 U.S. Dist. LEXIS 5517 (N.D. Cal. Jan. 15, 2016) (court granted leave to amend where a continuance of the discovery deadlines would eliminate possible prejudice to Defendant)

To the extent that Defendants argue that reopening discovery would be unduly burdensome, the Court finds that Defendants overstate the impact of the proposed amendment here. Indeed, Defendants, less than three weeks ago, filed a joint stipulation requesting the Court extend the discovery cut-off so the parties may take fifteen additional depositions. (Doc. 85). While, fact discovery currently is closed, all parties agree that fact discovery is nowhere near complete. In light of these circumstances, the Court does not find that the timing of the motion to amend puts Defendants at a disadvantage. The need to conduct additional discovery or file additional dispositive motions alone cannot serve as a reason to deny the motion. *See Newton v. Am. Debt Servs., Inc.*, No. C-11-3228 EMC, 2013 U.S. Dist. LEXIS 147152, 2013 WL 5592620,

at *15 (N.D. Cal. Oct. 10, 2013) (additional discovery alone is not sufficient prejudice); *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (delay caused by additional discovery alone is not undue prejudice). Although additional discovery may be required, in an effort to cure any potential prejudice, the Court will modify the scheduling order as needed to accommodate prejudice suffered by Defendants.

### ii. Bad Faith in Seeking the Amendment

Defendants argue that Plaintiff's motion evidences "a bit of bad faith." Defendants contend that Plaintiff included unnecessary factual allegations detailing the substance of Internal Affairs investigations against certain individual defendant officers. Incorporating the substance of the Internal Affairs investigations, Defendants contend, was done in a strategic move to make this confidential information available to the public. (Doc. 93 at 8). Plaintiff responds that the motion is the logical result of the belated document production that revealed significant details underlying Plaintiff's malicious prosecution claim and was not filed in bad faith.

While the Court agrees that the motion is heavy handed in its recitation of the details related to the underlying Internal Affairs investigation, it does not, however, amount to strong evidence of bad faith. *See Griggs v. Pace Am. Grp.,* 170 F.3d 877, 881 (9th Cir. 1999) (finding bad faith exists where the plaintiff "merely is seeking to prolong the litigation by adding new but baseless legal theories"). The motion was filed under seal and is therefore unavailable for public view. Further, it was necessary for Plaintiff to fully explain what new evidence was produced and why those facts could not have been known to him prior to the amendment deadline. Accordingly, the Court will not deny leave to amend on this ground.

Based on the above, Rule 15 also weighs in favor of granting Plaintiff leave to amend.

## C. Interests of Justice

Finally, several principles lead the Court to determine that on balance, denial of Plaintiff's motion would not satisfy the Court's duty to ensure fundamental fairness in the litigation before it. First, Rule 16's purpose, essentially, "is to get cases decided on the merits of issues that are truly meritorious and in dispute," *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.),* 460 F.3d 1217, 1227 (9th Cir. 2006), and "to manage the cases . . . efficiently and

effectively," not to enforce deadlines "mindlessly" or for no good reason, *Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). "A court must [also] be guided by the underlying purpose of Rule 15—to facilitate decisions on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Next, the public policy favoring resolution on the merits clearly counsels against denying the amendment here, especially where a case, as here, involves claims of § 1983 civil rights violations. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (noting that the public policy favoring resolution on the merits "is particularly important in civil rights cases").

Moreover, a judgment against Plaintiff on the existing claims could, perhaps, provide a basis for collateral estoppel on Plaintiff's unpleaded malicious prosecution claim. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Plaintiff's malicious prosecution claim would share the same parties as well as common issues of fact and law with Plaintiff's instant claims. Consequently, if Plaintiff cannot bring his malicious prosecution claim here, he will possibly be barred from bringing that claim in a separate suit. Therefore, even if Plaintiff could have been more diligent in his efforts to amend his complaint prior to the amendment deadline, the factual developments that have occurred, in the interest of justice, warrant amendment. Further, any resulting prejudice is further mitigated by Defendants efforts to continue discovery in this case. Fed. R. Civ. P. 16(b), advisory comm. notes to 1983 amendments ("[C]hanges in the court's calendar sometimes will oblige the judge . . . to modify the scheduling order.").

Lastly, while the Court is cognizant that a substantial amount of time has passed on the calendar since this litigation began, and amendment may, of course, result in a vacated trial date and most certainly a revised case management schedule, the Court is unpersuaded that denying the motion will expedite this case and ensure an efficient resolution. Quite the opposite, the Court believes it far more fair and efficient to include this related claim in the instant litigation instead of waiting for this matter to be rehashed on appeal to the Ninth Circuit. In the particular

circumstances here—that Plaintiff's request is based on newly discovered evidence, the conduct at issue is significant, and his motion was filed within a short time of discovering the facts relevant to his claim—leave to amend should be granted.  Further, the Court is persuaded that the interests of justice are served by granting the motion because Plaintiff's amendment adds a claim that could be barred if not filed in this litigation.  Therefore, the Court concludes the posture of the case and the spirit of the rules favor amendment under Rule 16(b), Rule 15(a), and the interests of justice.

## **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Leave to file a Second Amended Complaint is GRANTED;

2. Within five days of the date of this Order, Plaintiff SHALL file an unredacted version of Plaintiff's Second Amended Complaint under seal;

3. Plaintiff SHALL file a redacted version of the Second Amended Complaint, redacting paragraphs 43-50 in the public record;

4. All current scheduling order deadlines are vacated and a new discovery and scheduling order will issue at a later date.

IT IS SO ORDERED.

Dated:  **March 24, 2016**             /s/ *Barbara A. McAuliffe*             
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE