1   Charles Albert Piccuta (56010)
    Charles Tony Piccuta (258333)
2   PICCUTA LAW GROUP, LLP
    400 West Franklin Street
3   Monterey, CA 93940
4   Telephone: (831) 920-3111
    Facsimile:  (831) 920-3112
5   charles@piccutalaw.com
    chuck@piccutalaw.com
6
7   LAW OFFICES OF PANOS LAGOS
    Panos Lagos, Esq. (SBN 61821)
8   5032 Woodminister Lane
    Oakland, CA  94602
9   (510)530-4078
    (510)530-4725/FAX
10  panoslagos@aol.com
11
    Attorneys for:  Plaintiff
12  George Michael Macias, Jr.

13                     **UNITED STATES DISTRICT COURT**

14                     **EASTERN DISTRICT OF CALIFORNIA**

15
    GEORGE MICHAEL MACIAS, JR.,          )   Case No.:  1:13-CV-01819-BAM
16                                       )
                     Plaintiff,          )   **PLAINTIFF'S REPLY IN SUPPORT OF**
17                                       )   **MOTION TO UNSEAL JUDICIAL**
           v.                            )   **FILINGS AND MODIFY PROTECTIVE**
18                                       )   **ORDER**
    STEVE CLEAVER, CESAR GONZALEZ,       )
19  ERIC TAFAINE, ANGEL VELASQUEZ,       )   **Date: June 17, 2016**
20  THE CITY OF CLOVIS,                  )   **Time: 9:00 AM**
                                         )   **Location: Courtroom 8**
21                   Defendants.         )
                                         )   **U.S. Mag. Judge Barbara A. McAuliffe**
22  _____ )
23
           **NOW COMES** Plaintiff, George Michael Macias, Jr. ("Plaintiff"), and in Reply to
24
    Defendants' Opposition to Plaintiff's Motion to Unseal Judicial Filings and Modify Protective
25
    Order ("Motion"), sets forth as follows:
26
    ///
27
    ///
28

## I.     INTRODUCTION

The issue before this court is "clear-cut"—should the Court uphold the sanctity of the long established principle that judicial filings are public records which should only be sealed under extreme circumstances **_or_** should the Court shield the Defendants from the exposure and liability that may result from the dissemination of the truth to the public. At the end, that is the real issue. The Defendants do not want the details of the Internal Affairs Investigations ("Investigations") revealed to the public for any reason whatsoever, much less the results.

If the Investigations were made public it would allow Plaintiff to potentially find other helpful witnesses and victims who suffered as a result of the wrongful acts of Defendant ███████ ███████. However, more worrisome to Defendants, is the negative publicity and potential liability that could result. Unfortunately for Defendants, this is not a suitable legal basis for sealing judicial filings and concealing information from the public under the guise that it is protectable.

Defendants basically concede this position. Plaintiff has already addressed any **_arguably_** legitimate concerns Defendants have with respect to the protection of **_specific_** information in the Investigations. Those concerns include: the protection of personal identifying officer information; the protection of personal identifying information of tangential witnesses and victims; and the protection of officer statements made during the Investigations and the identities of the officer that made them. In their Motion, Plaintiff already suggested quelling these concerns by allowing for redaction of this information. Nevertheless, Defendants will not entertain this practical and reasonable solution because they are not seeking to protect legitimately sensitive information. Instead, they are trying to stop the dissemination of the truth regarding a disgraced police officer.

///

///

## II.      PLAINTIFF'S MOTION IS NOT AN IMPROPER REQUEST FOR RECONSIDERATION

Defendants' Opposition goes to great lengths to convolute the real issue. Therein, Defendants falsely claims that Plaintiff's Motion is nothing more than an improper request for reconsideration and should be denied for this reason alone. This argument is frivolous and foolhardy for multiple reasons.

First, one standard for properly bringing a motion for reconsideration is new evidence. Defendants themselves concede the same in their Opposition. (See Opposition at page 5, lines 5-8.) Here, the new evidence consists of the two Internal Affairs Investigations which Plaintiff relied on in filing his Motion for Leave to file a Second Amended Complaint Based on Newly Discovered Evidence ("Motion for Leave"). The Court already agreed that this was new evidence warranting leave to file the Second Amended Complaint. To the extent that the instant Motion can be misconstrued as a quasi-request for reconsideration, that standard is certainly met, regardless of how the instant Motion is titled.

Second, this Court never had the opportunity to analyze the Internal Affairs Investigations at issue before issuing its decision granting a protective order. As such, this Court was improperly required to rule in a vacuum without knowing what precisely it was ordering protection of. The voluminous amount of documents originally in dispute simply made it impracticable for this Court to inspect every document to determine which were genuinely deserving of protection. That is not the case now as Plaintiff has called into question a mere six documents. The Court is well familiar with these documents as they were attached to the Declaration of Charles Tony Piccuta filed in support of the Motion to Leave and include the Investigations and resulting correspondence. (Doc. #84-2, Exs. A-F.)

Third, the Protective Order itself allows for the disclosure of the information, to parties other than those specified therein, pursuant to an order modifying the Protective Order.

1

Paragraph 5.2 of the Protective Order lists the parties to whom the ***currently*** protected

2

documents may be produced and sets forth: "***unless the Court orders otherwise***, confidential

3

documents and the information contained therein may be disclosed only to the following

4

persons…" (*See* Doc. #70 at pg. 7, lines 3-5.) As such, the Order explicitly contemplates

5

allowing disclosure to others and sets forth that an order may issue holding the same.

6

### III.     THE COURT HAS DISCRETION TO ORDER THE INVESTIGATIONS NOT PROTECTED AND TO UNSEAL THE FILINGS AS A RESULT

7

Courts apply two standards when deciding whether or not to seal or unseal judicial

8

9

filings. (*See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir., 2016)). A

10

party seeking to seal or keep sealed judicial filings must show "compelling reasons." (*See Id.*)

11

However, an exception exists when the documents to be sealed or unsealed are attached to a

12

motion that does not have a "tangential" relationship to the merits of a case. (*See Id.* at 1101-

13

1102). In the second situation a less exacting "good cause" standard applies. (*Id.*) "An order

14

denying a motion to unseal or seal documents is appealable either as a final order under 28

15

U.S.C. § 1291 or as a collateral order." (*See Id.* at 1096 citing to *Oliner v. Kontrabecki*, 745 F.3d

16

1024, 1025 (9th. Cir. 2014)).

17

This Court need not decide the issue as to whether or not a "compelling reasons" or

18

19

"good cause" standard should apply to unsealing the judicial filings. These standards are applied

20

when a court decides if it is going to unseal judicial filings that contain materials and information

21

subject to a protective order. In other words, when those standards apply, courts are considering

22

whether or not to unseal judicial filings ***despite*** the protected material that those filings implicate.

23

Necessarily, the courts are ultimately deciding if the public's interest in the filings, and

24

25

the presumption of the public's access to judicial filings, outweighs keeping the protected

26

material sealed. In those instances, the courts are not holding that the material is not subject to

27

the protection afforded by the protective order, instead the courts are holding that the public's

28

1   access to the judicial filings is more important than keeping the protected material sealed. That is

2   a very different analysis than holding that the information should not be subject to the protection

3   of a protective order and the judicial filings unsealed for that reason alone.

4
    If the Court so chooses, it has the discretion to conclude that, after reviewing the Internal

5   Affairs Investigations, they are not subject to protection and modify the protective order

6   accordingly. In so doing, it would necessarily follow that the judicial filings would no longer

7   need to be sealed. The issue as to what standard should be applied would be moot.

8

9           **IV.     IF THE INVESTIGATIONS ARE PROTECTED A COMPELLING
                      REASONS STANDARD SHOULD BE APPLIED**

10
    If the Court determines that the Internal Affairs Investigations deserve protection, then

11  the court must necessarily make the decision as to whether or not to apply a "compelling

12
    reasons" or "good cause" standard. Based on the case law, and recent Ninth Circuit decision of

13
    *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir., 2016), this Court

14
    should apply the compelling reasons standard.

15
    In *Chrysler*, the Ninth Circuit made it clear, that the "compelling reasons" standard does

16
17  not only apply to dispositive motions. Indeed, the Ninth Circuit held that the "compelling

18  reasons" standard should be applied to sealing or unsealing all judicial filings and related

19  motions as long as those filings and motions have a tangential relationship to the merits of the

20
21  case. The Court was emphatic in it decision and set forth:

22          Permitting the public's right of access to turn on what *relief* a pleadings seeks—
            rather than on the relevance of the pleading, elevates form too far beyond
23          substance and over reads language in our case law. Our precedent, which always
            has focused on whether the pleading is more than tangentially related to the
24          merits, recognizes this essential point. To hold otherwise would permit the
            discovery "exception" to swallow the public access rule.
25

26  (*Chrysler* at 1102).

27  ///
    ///
28  ///

---

1
2
3
4
5
6
7
8

In so holding, the Ninth Circuit provided the district courts with direct guidance on how to proceed. Unless the judicial filing or motion has no tangential relationship to the causes of action, a "compelling reasons" standard should apply. Here, the Motion for Leave is undeniably tangentially related to the merits of the case, as it added a cause of action, and a "compelling reasons" standard should be applied. The same result would be reached even if this court was to apply a dispositive versus non-dispositive pleadings analysis to determine which standard should apply.

9
10
11
12
13
14
15
16

Here, the judicial filings were dispositive in nature—if Plaintiff was unsuccessful on his Motion for Leave to File a Second Amended Complaint, his claims for malicious prosecution would have been forever barred. While the physical attack that Cleaver orchestrated and administered with the Defendant officers was despicable, the fabrication of the police report and efforts to convict and imprison Macias for up to one year is unforgivable. It is without question, that eliminating Plaintiff's right to pursue justice for that claim is material to the case and that a "compelling reasons" standard should apply.

17
18

**V.    THE ALLEGATIONS ARE RELEVANT AND WERE NOT OFFERED FOR IMPROPER PURPOSES**

19
20
21
22
23
24
25
26

Defendants make the legless claim, that even when applying a "compelling reasons" standard, the information should remain sealed because it was included to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets. Defendants urge this court to conceal the information regarding ███████████████████████ ███████████████████████████████████████████████. *The fact that these allegations reflect negatively upon the main Defendant in this action, and his character, do not satisfy the compelling reasons standard cited by Plaintiff.*

27
28

Even if the Court decides that a "good cause" standard should be applied, the judicial filings should still be unsealed. Defendants make the baseless argument that the Internal Affairs

1    Investigations are irrelevant to this Action. The Investigations, and ████████████████

2    ████████████████ City of Clovis Police Department, are apparently so irrelevant that this

3    Court ***already ruled*** that they provided a basis for leave to file a Second Amended Complaint.

4    Defendants act as if the allegations involve claims that ██████ beat his spouse, contracted a

5    venereal disease, orchestrated an investment Ponzi scheme or cheated on his taxes. Those are the

6    types of allegations which would be irrelevant to the instant action and solely offered "because

7    

8    of private spite or a desire to scandalize the public."

9           Defendants have already made Plaintiff's point. Defendants go to great lengths to try

10   and distinguish ██████████████████, as documented in the Internal Affairs Investigations,

11   from that as alleged by Macias in this action. However, there is no disputing that the

12   Investigations directly set forth ████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████ Cleaver's

14   character and ████████████████████████████████████████ underlines every cause

15   of action in this case.

16          Finally, Defendants make the frivolous argument that they believe the Investigations

17   would be precluded from introduction to the jury under Fed. R. Evid. 403. (Opposition p. 10,

18   lines 2-4). However, that has nothing to do with the presumption of public access to judicial

19   filings and related documents. Moreover, Plaintiff is without doubt that the information

20   contained in the Investigations, the findings of those Investigations and ████████████

21   ████████, would be admissible at the time of trial, not only for proving the elements of the

22   causes of action but also for impeaching ████████ testimony

23          WHEREFORE Plaintiff respectfully requests that the Court grant his Motion to Unseal

24   Judicial Filings and Modify the Protective Order.

25   DATED: June 10, 2016                      PICCUTA LAW GROUP, LLP

26                                             _____/s/ *C.T. Piccuta*_____

27                                             Charles Tony Piccuta
                                               Attorneys for Plaintiff
28                                             George Michael Macias, Jr.