**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE MICHAEL MACIAS, JR., | CASE NO. 1:13-cv-01819-BAM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO UNSEAL AND MODIFY THE PROTECTIVE ORDER |
| v. | |
| STEVE CLEAVER, CESAR GONZALEZ, ERIC TAIFANE, ANGEL VELASQUEZ, THE CITY OF CLOVIS and DOES 1-10, inclusive, | (Doc. 113) |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Unseal and Modify the Protective Order to allow public access to the Second Amended Complaint and the related motions and supporting exhibits. (Doc. 113). The hearing, initially scheduled for May 20, 2016, was continued to June 17, 2016 at Defendants' request. (Docs. 112, 116). On June 8, 2016, Defendants filed an opposition to the Motion to which Plaintiff replied on June 14, 2016. (Docs. 123, 129, 133). Due to a calendar conflict, the Court conducted the hearing on the Motion on June 24, 2016. (Docs. 125, 135).[1] Counsel Panos Lagos and Charles Piccuta appeared by telephone on behalf of Plaintiff. Counsel James Weakley and Brande Gustafson appeared in person on behalf of

---

[1] At the hearing, Defendants moved to close court proceedings to the general public and any person or representative of the media based on the presentation of confidential evidence. Defendants' motion to seal the courtroom was DENIED for the reasons stated on the record.

Defendants. Having considered the moving, opposition, and reply papers, and the entire file, Plaintiff's Motion to Unseal and Modify the Protective Order is GRANTED.

## BACKGROUND

### A. Introduction

Plaintiff seeks to unseal a number of motions and exhibits stemming from Plaintiff's Motion for Leave to File a Second Amended Complaint. The Second Amended Complaint along with the related motions and supporting exhibits describe two Internal Affairs Investigations #13-06 and #14-02 which investigated allegations of work related misconduct by Defendant Officer Cleaver. These Internal Affairs Investigations were originally designated as confidential under the parties' protective order entered on November 20, 2015. (Doc. 70).

Filed under seal are documents filed in support of and in opposition to Plaintiff's Motion to Amend: (1) Motion for Leave to file a Second Amended Complaint ("Motion to Amend") (Doc. 84); (2) Proposed Second Amended Complaint (Doc. 84-1); (3) Declaration In Support of the Motion to Amend (Doc. 84-2); (4) Defendant's Opposition to the Motion to Amend (Doc. 92); (5) Plaintiff's Reply in Support of the Motion to Amend (Doc. 93); and (6) the Second Amended Complaint (Docs. 99, 100). Also filed under seal are six supporting exhibits including: (1) Internal Affairs Investigation #13-06; (2) Internal Affairs Investigation #14-02; (3) the Disciplinary Review Board Memorandum re: IA Investigation #14-02; (4) Notice of the Disciplinary Board's Decision; (5) Officer Cleaver's Letter of Resignation; and (6) the Conclusion of I.A. Investigation #14-02 ("Internal Affairs Documents"). *See* Declaration of Charles Tony Piccuta ("Piccuta Decl."), Doc. 84-2, Exhs. 1-6 at Doc. 135.

### B. The Protective Order in this Case

During the discovery phase of the underlying action, Defendants refused to produce the Internal Affairs Documents along with 2,000 other pages of discovery it deemed private or confidential without a protective order prohibiting disclosure of that information beyond the purposes of this litigation. Plaintiff, however, refused to stipulate to a protective order. (Doc. 54). As a result, on October 16, 2015, Defendants moved for an order from the Court requiring that three categories of documents from the Clovis Police Department—(1) the individual defendant

officers' personnel files; (2) policies and procedures; and (3) training materials—be produced subject to a protective order. *See* Declaration of Brande Gustafson ("Gustafson Decl.") ¶ 29-31, Doc. 61. The proposed documents allegedly falling within the scope of the Protective Order were not submitted for the Court's review.

After considering the parties' written and oral arguments and balancing the public and private interests to determine whether a protective order was necessary, Defendants' motion for a protective order was granted. (Doc. 67 at 12). The Court approved the protective order, in part, to facilitate the parties' discovery exchanges but also noted that a protective order is warranted "in light of the institutional concerns articulated by Defendants and the risks that the indiscriminate public disclosure poses to police department operations and officer safety." *Macias v. City of Clovis*, 1:13-CV-01819-BAM, 2015 WL 7282841, at *8 (E.D. Cal. Nov. 18, 2015).

On November 20, 2015, the Court entered a blanket protective order. Protective Order, Doc. 70. The scope of the protective order included the Clovis Police Department's policies and procedures adopted at the time of Plaintiff's arrest on September 30, 2012; Clovis Police Department's training materials in use at the time of Plaintiff's arrest on September 30, 2012; and personnel files including citizen complaints, accident review boards, and internal investigations relating to Defendant Officers Steve Cleaver, Cesar Gonzalez, Eric Taifane, Angel Velasquez, and other non-defendant officers. Protective Order ¶ 4.1(a). The Protective Order stated that those documents are "designated as confidential and the information contained therein shall be used solely in connection with this litigation, including appeals, and not for any other purpose, including other litigation." Protective Order ¶ 4.2.

The scope of the protective order is provisional and pursuant to its terms, a party may seek an order from the Court permitting disclosure of information beyond the terms of the protective order. Protective Order ¶ 5.2 ("unless the Court orders otherwise, confidential documents and the information contained therein may be disclosed only to the following persons…"). The protective order also states that "the protections conferred by [the Protective Order] do not cover" information that "becomes part of the public domain after its disclosure to Plaintiff as a result of publication not involving a violation of this Order." Protective Order ¶ 2. In other words, an

3

order from the Court unsealing documents for public view removes those documents from the confidentiality provisions of the protective order.

In the instant motion, Plaintiff seeks to unseal or otherwise modify the Protective Order with respect to the briefing on the Motion to Amend and the Internal Affairs Documents. Plaintiff does not seek to modify the Protective Order with respect to any other documents.

### C.     Factual and Procedural History

Plaintiff is proceeding in this civil rights action against the City of Clovis ("the City") and Officers Cleaver, Gonzalez, Taifane, and Velasquez ('individual defendant officers") on claims for alleged unlawful arrest, excessive force, and malicious prosecution. Second Amended Complaint ("SAC"), Doc. 103. According to the SAC, Plaintiff's claims arise out of a traffic stop, which ultimately led to Plaintiff's arrest for a violation of California Penal Code § 148(a)(1)—resisting, delaying or obstructing a police officer—and the impound of his motorcycle on September 30, 2012. On March 10, 2014, Plaintiff was found not guilty of the criminal charge of resisting arrest. SAC at ¶ 42.

Following his arrest, Plaintiff subsequently initiated this federal civil rights action on November 11, 2013. (Doc. 1). An initial scheduling conference Order was issued on December 1, 2014, setting forth the discovery and trial schedule for the case. (Doc. 35). Shortly after discovery was exchanged subject to the protective order, Plaintiff moved for leave to file a Second Amended Complaint to include claims for malicious prosecution and First Amendment retaliation. (Doc. 84). The moving papers included the Internal Affairs Documents which were filed under seal. (Docs. 84, 84-2, 135). After a review of the motion and supporting exhibits, the Court granted Plaintiff's motion for leave to file a Second Amended Complaint and the Second Amended Complaint was directed to be filed by the Clerk under seal. (Doc. 96).   This motion to unseal followed.

///

///

///

///

## I. Motion to Unseal

**LEGAL STANDARD**

"Historically, courts have 'recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

**ANALYSIS**

**A.     Whether the Compelling Reason Standard Applies**

The Court must first determine the appropriate standard for sealing documents. Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. *Kamakana*, 447 F.3d at 1179; s*ee also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The Ninth Circuit recently clarified, however, that the key in determining which standard to apply is not whether the proposed sealed documents accompany a dispositive or non-dispositive motion. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *petition for cert. filed* - S.Ct.-, (U.S. Mar. 24, 2016) (15-1211). "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.*

Defendants argue that the "good cause" standard applies because Plaintiff's prior Motion to Amend is non-dipositive as it neither resolved the case on its merits nor served as a substitute for a trial. *See In re Nat'l Sec. Agency Telecom. Records Litig.*, No. MDL 06-1791 VRW, 2007 WL 549854, at *4 (N.D. Cal. Feb. 20, 2007) (A motion is considered "non-dispositive" where "it

5

neither resolves a case on the merits nor serves as a substitute for trial).  Plaintiff counters that the "compelling reasons" standard for sealing should apply because the Motion to Amend was dispositive of his underlying malicious prosecution claim.  (Doc. 129 at 6).  Plaintiff argues had he been denied leave to amend "his claim for malicious prosecution would have been forever barred." (Doc. 129 at 6).

Regardless of whether Plaintiff's Motion to Amend is considered technically nondispositive, there is little doubt that the Motion to Amend is directly related to the underlying claims in this case.  *Center for Auto Safety, LLC*, 809 F.3d at 1096.  Indeed, the Court recognized the significance of Plaintiff's newly added malicious prosecution claim when analyzing the Motion to Amend, stating that the Court was "persuaded that the interests of justice are served by granting the motion because Plaintiff's amendment adds a claim that could be barred if not filed in this litigation."  (Doc. 97 at 12).  Therefore, under the test most recently articulated by *Center for Auto Safety*, the Motion to Amend here involves issues that are directly central to the case and therefore "more than tangentially related to the merits of the case." Accordingly, the Court finds that it must apply the compelling reasons standard.[2] *See, e.g., Whitecryption Corp. v. Arxan Techs., Inc.*, 2016 U.S. Dist. Lexis 31108, *3 (N.D. Cal. Mar. 9, 2016) (discussing the appropriate sealing standard for documents related to a motion to amend and holding that "a motion to file an amended complaint is more than tangentially related to the underlying cause of action and therefore Arxan's motion is subject to the compelling reasons standard").  Given the Motion to Amend's pivotal role in Plaintiff's overall suit, nothing less than compelling reasons will justify sealing the Internal Affairs Documents.

---

[2] The parties additionally dispute whether the test outlined in *Center for Auto Safety—*a panel decision—is reliable authority.  Other Ninth Circuit precedent states that the test of whether a document should be sealed depends on whether the document is dispositive or non-dispositive, and this precedent has not been overruled.  *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).  Customarily, three-judge panels of the court are bound by a prior published Ninth Circuit decision and cannot reconsider a decided issue unless an *en banc* decision, a Supreme Court decision or subsequent legislation undermines its precedential value.  *See Ritchie v. United States*, 733 F.3d 871, 877–878 (9th Cir. 2013).  However, this Court need not reach the question of whether the dispositive/non-dispositive analysis or the "tangentially related" analysis should apply. Even if the Court were to forgo reliance on the panel decision in *Center for Auto Safety*—as Defendants suggest—the Ninth Circuit has already indicated that motions to amend may be considered dispositive. *Bastidas v. Chappell*, 791 F.3d 1155 (9th Cir. 2015) (the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome).  Indeed, this Court has already determined the dispositive nature of Plaintiff's Motion to Amend.  (Doc. 97.)  Therefore, Plaintiff's Motion to Amend in this case is a dispositive motion.

**B.     Whether the "Compelling Reasons" Standard is Met**

With respect to the compelling reasons standard, the Ninth Circuit has stated that compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (*quoting Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

Defendants offer that several compelling reasons exist to keep the Internal Affairs Documents under seal.  First, Defendants argue that Plaintiff's use of the "unrelated Internal Affairs documents is for the [primary] purpose of attacking Officer Cleaver's character and turning him into a pariah."  (Doc. 133 at 8).  This, Defendants claim, "is an improper purpose which is a sufficiently compelling reason to warrant denial of Plaintiff's motion to unseal."  (Doc. 133 at 8).  Defendants further explain that unsealing the Internal Affairs investigations will only serve as a vehicle to promote public scandal and satisfy the private spite that Plaintiff holds against Defendants: the attempt to unseal here is for the purpose of "making Officer Cleaver look bad;" "Plaintiff's spite for Officer Cleaver is further evident from the implication in Plaintiff's moving papers that Officer Cleaver should not be" currently employed elsewhere at a private company.   (Doc. 133 at 8).

This argument of purported spite fails to establish a sufficient basis for maintaining the Internal Affairs Documents under seal.  These documents were created as a result of official action by the City of Clovis to investigate the official conduct of one of its officers. None of the Internal Investigation Documents involve personal actions unrelated to official functions, decisions and duties of the officers. While Defendants allege that Plaintiff may use these records to satisfy a private spite, it is hardly private spite, promotion of public scandal, or libelous, to contend that Defendant engaged in misconduct during the scope of his official duties, and to submit to the Court documented instances of alleged misconduct in support of that argument. The public's interest in the conduct of its officers cannot be undermined by calling it a desire for public

spectacle, or a form of "private spite."

Based on the strong presumption of public access to judicial records and the public's strong interest in the conduct of officers, this Court must refuse requests to engage in damage control on behalf of the Defendants. Here, where the case involves allegations of police misconduct, the public has a vested interest "in assessing the truthfulness of allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely." *See Welsh v. City & County of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995). "Misconduct by individual officers, incompetent internal investigations, or questionable supervisory practices must be exposed if they exist." *Id*. (*quoting Skibo v. City of New York*, 109 F.R.D. 58, 61 (E.D.N.Y. 1985) (ordering disclosure of files concerning complaints against police officers made to civilian complaint review board)).

The Court disagrees that Plaintiff's purported intent to "advertise or publicize [the] Internal Affairs Investigations #13-06 and #14-02 in order to locate 'favorable witnesses'" (Doc. 133 at 11) qualifies as an "improper purpose" under Ninth Circuit precedent.  The Ninth Circuit has explicitly stated that "exposure to further litigation" is not a compelling reason to overcome the presumption of public access to court records.  *Kamakana*, 447 F.3d at 1178. Moreover, the publication of details surrounding Plaintiff's case, though arguably unflattering to Defendants, does not in and of itself serve to gratify a private spite. To the contrary, the documents here are not scandalous or tawdry but involve incidents that were, in large part, sustained by Defendants' own investigators. The Clovis Police Department conducted a thorough investigation and recommended disciplinary action based on its findings. Therefore, there is little concern that the documents are utterly meritless serving purely to circulate libelous or other baseless statements. *Kamakana*, 447 F.3d at 1179. The City did precisely what was required of it; conducted an extensive and thorough investigation and concluded disciplinary action was warranted for Officer Cleaver's conduct. "That the production of records may lead to a litigant's embarrassment or incrimination…will not, without more, compel the court to seal its records." *Id.* (*citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

8

Defendants next accuse Plaintiff of "bootstrapping" information from "unrelated Internal Affairs investigation reports" in an effort to bolster his malicious prosecution claim. (Doc. 133 at 8). Defendants argue, citing *Pryor v. City of Clearlake*, No. 11-0954 CW, 2012 U.S. Dist. LEXIS 93917, 2012 WL 2711032 (N.D. Cal. July 6, 2012) ("*Pryor I*") and *Pryor v. City of Clearlake*, No. 11-0954 CW, 2012 U.S. Dist. LEXIS 112246, 2012 WL 3276992 (N.D. Cal. Aug. 9, 2012) ("*Pryor II*"), that since the other investigations involve materially different facts than those alleged by Plaintiff, Plaintiff does not need the Internal Affairs Documents disclosed in order to properly litigate his case. (Doc. 133 at 9). Defendants see no correlation between the various internal affairs investigations that concluded that Officer Cleaver repeatedly made material misrepresentations in the course of his duties and Plaintiff's claim of malicious prosecution. Instead, Defendants argue that Officer Cleaver's previous behavior is more akin to an officer who allegedly lied about work that he never completed in order to make cases go away, not to facilitate prosecution of an individual. (Doc. 133 at 10).

Defendants' reliance on *Pryor I* and *II* is misplaced. In *Pryor II*, and its predecessor opinion, a §1983 action, the Court sealed information relating to an Internal Affairs investigation of an unrelated incident (failure to follow CPD policies related to confidentiality) because an investigation determined the incident was unfounded and it was lacking in probative value. *Pryor II*, 2012 U.S. Dist. LEXIS 112246, 2012 WL 3276992 at *3. In so holding, the Court repeatedly recognized "that the lack of relevance of the sensitive information is not dispositive as to whether a sealing order is warranted, but underscores the privacy interest in sealing such information." *Id.* at *4. However, the Court declined to seal a log of police officers who had watched an ethics training video because the Plaintiff's lawsuit included a *Monell* claim against the city for failure to adequately train its officers. *See* 2012 U.S. Dist. LEXIS 112246, [WL] at *4. Thus, the *Pryor* court looked both at whether the party requesting sealing could establish a compelling reason for sealing and whether the documents were probative to the subject matter of the underlying lawsuit. *See also Hunter v. City & County of San Francisco*, 2013 U.S. Dist. LEXIS 74711, 2013 WL 2319064, at *9 (N.D. Cal. May 28, 2013) (unsealing prior unsustained excessive force complaints against one of the Deputy defendants).

9

Here, the sealed Internal Affairs Documents are probative of Plaintiff's malicious prosecution claim—an observation that the Court has already made, which it will revisit only briefly here.[3] In granting the Motion to Amend, the Court determined that the conduct alleged by Plaintiff and supported by the Internal Affairs Documents was pivotal to Plaintiff's malicious prosecution claim. (Doc. 97 at 12). Unlike in *Pryor,* the charges in the Internal Affairs Documents were found sufficiently meritorious to recommend the termination of Officer Cleaver. *Compare Pryor,* 2012 WL 3276992, *3 (The investigator assigned to review the complaint concluded that complaint was unfounded.) In addition, the allegations in the Internal Affairs Documents do not involve immaterial, unrelated matters occurring in Defendant's personal capacity such as were involved in *Pryor II*.[4] *Pryor II*, 2012 U.S. Dist. LEXIS 112246, 2012 WL 3276992 at *6 (internal affairs investigation of a complaint lodged against defendant related to a party that defendant hosted at his home was found not probative of Plaintiff's claims). Rather, as expressed at the hearing, the conduct alleged here occurred in the scope of Defendant's official duties while he was acting under the color of law. At issue here, and at issue in the internal affairs investigations, is how the officer conducted himself as an officer and how he performed specific duties, such as preparing police reports, and including whether he may have abused his authority. Official conduct and abuse of authority are central to Plaintiff's allegations in this case. Thus, the claims of falsified police reports are probative and relevant to Plaintiff's claim of malicious prosecution.[5]

Defendants remaining arguments—that the documents contain statements by Officer Cleaver and "other non-defendant officers and employees who [were] assured that their statements

---

[3] The Court also notes, without deciding, that the Internal Affairs Documents may be relevant to other claims in this case. Plaintiff's other claims allege that Plaintiff took inappropriate and constitutionally violative actions under color of law, and the Internal Affairs Documents investigate instances of Plaintiff's conduct under color of law.

[4] The Court also notes that the facts of *Pryor* are distinguishable. In *Pryor*, the court sealed various police documents including two citizen's complaints and two internal affairs reports. 2012 U.S. Dist. LEXIS 112246, 2012 WL 3276992, at *2-3. The complaints contained the complainants' date of birth and personal contact information. Investigations of the citizen's complaints concluded that the allegations were unsubstantiated. The internal affairs reports were "not probative of Plaintiff's claims" and "irrelevant" to resolve the defendants' motion for summary judgment. *Pryor* is not binding on this Court, nor persuasive that the Internal Affairs Documents should remain under seal.

[5] The Court is not ruling on, and does intend this discussion to be construed as a ruling upon, the admissibility of the evidence contained in the Internal Affairs Documents. Admissibility at trial is an issue for another day.

[would] remain confidential"—are reasons, at best, to make limited redactions, but do not justify sealing entire documents. (Doc. 133 at 10). Defendants imply that should the Internal Affairs Documents be unsealed, complaining citizens and other officers may not provide information in the future. Because this would thwart complete and proper investigations, Defendants argue, this is a compelling reason to seal the Internal Affairs Documents. (Doc. 60-1 at 19).

This type of conclusory assertion does not satisfy the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1182 (rejecting arguments that production would, amongst other things, hinder CIU's future operations with other agencies, endanger informants' lives, and cast HPD officers in a false light). Moreover, contrary to Defendants' assertions otherwise, courts have recognized that victims, witnesses, and other officers may be more likely to participate in investigations or discipline proceedings if they believe their reports of misconduct will be thoroughly and fairly investigated. *See, e.g., Kelly v. City of San Jose*, 114 F.R.D. 653, 664-66 (N.D. Cal. 1987) (noting that officers are more likely to be forthcoming in an investigation if they know the public will gain access to the documents). Weighing the public interest involved against the individual privacy concerns, the Court finds that limited redactions will sufficiently protect the privacy interests of all involved. *See* Fed. R. Civ. P. 5.2 (requires redaction of financial account information, social security numbers, and other personal information). The redactions should include third party address, date of birth, social security number, and driver's license information.[6]

Lastly, to the extent that Defendants rely on the protective order as a reason to maintain the Internal Affairs Documents under seal, the fact that a Court has entered a protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to maintain a filed document under seal. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *see also Foltz*, 331 F.3d at 1133.

In sum, Defendants' arguments for sealing the Internal Affairs Documents fail to demonstrate compelling reasons that outweigh the public's access to judicial documents or show

---

[6] The Court does not find that law enforcement identities should be redacted. An officer who is being interviewed during an internal investigation, or who is conducting such a probe, knows that what he says or writes could lead to criminal prosecution of other officers or to their termination from the force. *Kelly v. City of San Jose*, 114 F.R.D. 653, 665 (N.D. Cal. 1987). However, for safety considerations, an officer's home address, date of birth, social security number, and driver's license number should be redacted.

that specific prejudice or harm will result from public disclosure of the evidence this Court relied on in determining whether Plaintiff could amend his complaint. Defendants did not provide any specific facts to meet their burden to show compelling reasons sufficient to overcome the presumption of public access. Accordingly, the Court will unseal the Internal Affairs Documents, subject to limited privacy redactions, and will also unseal the related motions.

## II.    Motion to Modify the Protective Order

A district court has the power to modify or lift a protective order that it has entered. *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995). The issue is left to the sound discretion of the trial court. *See, e.g., In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 101 F.R.D. 34, 40-41 (C.D. Cal. 1984) (request to modify a protective order reviewed for abuse of discretion).

In this instance, the Court has found that the Internal Affairs Documents and the related motions should be unsealed. Therefore, pursuant to the terms of the protective order, these documents no longer fall within the scope of the protective order as the documents are now available as part of the public domain. Protective Order ¶ 2(a). Plaintiff's Motion to Modify the Protective Order is GRANTED.

## CONCLUSION

For the reasons explained, the Court GRANTS Plaintiff's Motion to Unseal and Motion to Modify the Protective Order. IT IS HEREBY ORDERED as follows:

1. The Protective Order entered on November 20, 2015 is hereby modified to permit the UNSEALING of Internal Affairs Investigations #13-06 and #14-02;

2. Within twenty-one (21) days of service of this order, the parties shall meet and confer and perform any necessary redactions and re-file unsealed versions of:

   a. Plaintiff's Motion for Leave to Amend Based Upon Newly Discovered Evidence ("Motion to Amend") (Doc. 84);

   b. the exhibits attached to the Declaration In Support of the Motion to Amend (Doc. 135);

   c. the Memorandum of Points and Authorities in Support of Plaintiff's Motion

to Unseal Judicial Filings and Modify Protective Order (Doc. 114-1);

3. The Clerk of Court is DIRECTED to unseal the following documents in their entirety:

    a. Proposed Second Amended Complaint (Doc. 84-1);

    b. Declaration of Charles Tony Piccuta in Support of Motion for Leave to File a Second Amended Complaint Based on Newly Discovered Evidence (Doc. 84-2);

    c. Plaintiff's Reply in Support of the Motion to Amend (Doc. 92);

    d. Defendant's Opposition to the Motion to Amend (Doc. 93);

    e. The Second Amended Complaint filed on March 29, 2016 (Docs. 99, 100);

    f. Notice of Motion and Motion to Unseal Judicial Filings and Modify Protective Order (Doc. 114);

    g. Defendants' Opposition to Plaintiff's Motion to Unseal Judicial Filings and Modify Protective Order (Doc. 133);

    h. Plaintiff's Reply in Support of Motion to Unseal Judicial Filings and Modify Protective Order (Doc. 130);

    i. Defendants' Motion to Dismiss and Motion to Strike Portions of Plaintiff's Second Amended Complaint; (Doc. 141);

    j. Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion to Strike Portions of Plaintiff's Second Amended Complaint (Doc. 121);

    k. Defendants' Reply to Plaintiff's Opposition to their Motion to Dismiss and Motion to Strike Portions of Plaintiff's Second Amended Complaint (Doc. 132).

IT IS SO ORDERED.

Dated: **June 30, 2016**  /s/ Barbara A. McAuliffe
                                                     UNITED STATES MAGISTRATE JUDGE