IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MICHAEL MACIAS, JR., <br><br> Plaintiff, <br><br> v. <br><br> STEVE CLEAVER, CESAR GONZALEZ, ERIC TAIFANE, ANGEL VELASQUEZ, THE CITY OF CLOVIS and DOES 1-10, inclusive , <br><br> Defendants. | CASE NO. 1:13-cv-01819-BAM <br><br> ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE <br><br> ORDER SETTING TELEPHONIC STATUS CONFERENCE <br><br> Date:  July 20, 2016 <br> Time:  9:00AM <br> Courtroom: Department 8 <br> Judge:  Hon. Barbara A. McAuliffe <br><br> (Doc. 109) |

**INTRODUCTION**

Before the Court are Defendants' City of Clovis, Officer Cesar Gonzalez, Officer E. Taifane, Officer A. Velasquez, and Officer Steve Cleaver (collectively "Defendants") Motion to Dismiss and Motion to Strike portions of Plaintiff George Michael Macias Jr.'s ("Plaintiff") Second Amended Complaint. (Doc. 109). The Court conducted a hearing on the Motions on June 24, 2016. Counsel Panos Lagos and Charles Piccuta appeared by telephone on behalf of Plaintiff. Counsel James Weakley and Brande Gustafson appeared in person on behalf of Defendants.

Having considered the moving, opposition, and reply papers, and the entire file, Defendants' Motion to Dismiss and Motion to Strike are GRANTED in PART and DENIED in PART.[1]

### BACKGROUND

On March 24, 2016, this Court granted Plaintiff leave to file his Second Amended Complaint based on newly discovered evidence. (Doc. 97).[2] Plaintiff's Second Amended Complaint added the following: (1) seven new paragraphs addressing new evidence regarding Defendant Officer Cleaver; (2) the First and Fourteenth Amendments in support of Plaintiff's First cause of action for violation of his civil rights pursuant to 42 U.S.C. § 1983; and (3) a Tenth cause of action for malicious prosecution against all Defendants. SAC ¶ ¶ 3, 102-109.

On April 20, 2016, Defendants filed the now pending Motion to Dismiss and Motion to Strike. Defendants seek dismissal of: (1) Plaintiff's Fourteenth Amendment claims in his First and Tenth Causes of Action; and (2) Plaintiff's Tenth Cause of Action against the City of Clovis and Officers Gonzalez, Taifane, Velasquez, and Cleaver (collectively "individual defendant officers"). Defendants also move to strike paragraphs 45-50 of the Second Amend Complaint. (Doc. 109).

### I.    MOTION TO DISMISS

####    A.    Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the legal sufficiency of a claim presented in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Where there is a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable legal theory," dismissal under Rule 12(b)(6) is proper. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

---

[1] In July 2014, pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. Accordingly, the case was reassigned to Magistrate Judge Barbara A. McAuliffe for all purposes. (Doc. 24).

[2] The Court has summarized the factual and procedural background of this case in previous orders. *See, e.g.*, Order August 14, 2014, at 1-3, Doc. 25. For ease of reference, this order is reported at *Macias v. City of Clovis*, 2014 U.S. Dist. LEXIS 107621, 2014 WL 3895061 (E.D. Cal. Aug. 4, 2014).

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556). Naked assertions accompanied by "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A complaint] must contain sufficient allegations of underlying facts to give fair notice . . . [to] the opposing party . . . [and] must plausibly suggest an entitlement to relief").

In deciding a motion to dismiss under Rule 12(b)(6), the court accepts the factual allegations of the complaint as true and construes the pleadings in the light most favorable to the party opposing the motion. *Ass'n for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). However, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the court required to accept as true allegations that are conclusory or the product of unwarranted deductions of fact. *Id.* Finally, if the court concludes that dismissal is warranted under Rule 12(b)(6), the dismissal should be with leave to amend unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).

**B.     Analysis**

**1.     Section 1983 Claims Pursuant to the Fourteenth Amendment**

In Plaintiff's First and Tenth causes of action, he alleges an unreasonable search and seizure, the excessive use of force, and malicious prosecution all in violation of his constitutional rights "guaranteed by the Fourteenth Amendment" SAC ¶ 55, "including his right to equal protection of the law." SAC ¶ 108. Defendants move to dismiss Plaintiff's Fourteenth Amendment claims on the grounds that Plaintiff fails to provide sufficient allegations that Defendants' conduct was motivated by discriminatory intent. Further, that Plaintiff's claims are properly brought under the more specific provisions of the Fourth Amendment. (Doc. 109 at 7).

1  Plaintiff responds that his SAC alleges that "Defendants' conduct alleged throughout this
2  Complaint was…because of Plaintiff's Hispanic ethnicity." SAC ¶ 43; (Doc. 121 at 3). According
3  to Plaintiff, "this provides a proper basis for Plaintiff's 1983 claim predicated on the Fourteenth
4  Amendment. As such, Plaintiff's Second Amended Complaint properly alleges that Defendants
5  violated Plaintiff's right to equal protection because their false accusations and other wrongful
6  actions, that led to the institution of criminal proceedings, were intentionally discriminatory
7  against his race and Hispanic ethnicity." (Doc. 121 at 3).

8  Plaintiff may not proceed with his First and Tenth causes of action based on the Fourteenth
9  Amendment for two reasons. First, Plaintiff's Equal Protection claim is deficient as it fails to
10 sufficiently allege that Defendants' conduct was motivated by race or an otherwise class-based,
11 invidiously discriminatory animus. "The Equal Protection Clause of the Fourteenth Amendment
12 commands that no State shall 'deny to any person within its jurisdiction the equal protection of the
13 laws,' which is essentially a direction that all persons similarly situated should be treated alike."
14 *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (*quoting Plyler v. Doe*, 457
15 U.S. 202, 216 (1982). To state a claim under Section 1983 for violation of the Equal Protection
16 Clause, Plaintiff must "show that the defendants acted with an intent or purpose to discriminate
17 against plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250
18 F.3d 668, 686 (9th Cir. 2001).

19 Plaintiff fails to allege that he was treated differently from other similarly situated
20 individuals or other facts that would support an inference that Defendants intentionally
21 discriminated against him on the basis of his race. *See Jones v. City of Los Angeles*, 2009 U.S.
22 Dist. LEXIS 103266, 2009 WL 37116622, at *9 (C.D. Cal. Oct. 30, 2009) ("Here, Plaintiffs make
23 only the most general conclusory allegations that Defendants' conduct was motivated by their
24 race. Such conclusory allegations are insufficient."); *Jones v. Cmty. Redev. Agency*, 733 F.2d 646,
25 649 & n.3 (9th Cir. 1984) (holding insufficient to support a § 1983 claim bare allegations of
26 discrimination against African-Americans "unsupported by any facts as to how race entered into
27 any decisions"). Instead, Plaintiff states that he is "a natural person of Hispanic origin," and,
28 Defendants conduct was "because of Plaintiff's Hispanic ethnicity" and for those reasons alone,

4

Defendants' alleged actions were racially motivated. SAC ¶ 3. Such threadbare and conclusory allegations do not suffice to support an inference of purposeful discrimination. Accordingly, the Court concludes that Plaintiff has failed to state a claim against Defendants based on Fourteenth Amendment Equal Protection.

Second, Plaintiff's Fourteenth Amendment claims impermissibly attempt to use the more generalized notion of substantive due process for claims that are properly addressed under the Fourth Amendment. The Supreme Court has expressly held that cases alleging wrongful arrest and excessive force must be brought under the Fourth Amendment, not the Fourteenth. *Albright v. Oliver*, 510 U.S. 266, 273 (1994). The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. This provision imposes "procedural limitations on a State's power to take away protected entitlements." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67 (2009). It provides individuals with the right to both substantive and procedural due process. However, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process [under the Fourteenth Amendment]." *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 853 (9th Cir. 2007) (*citing Graham v. Connor*, 490 U.S. 386, 388 (1989); *see also Albright,* 510 U.S. at 273. Accordingly, claims for arrest without probable cause or for excessive force are more appropriately brought under the Fourth Amendment. *Graham*, 490 U.S. at 395; *Podesta v. City of San Leandro*, 2005 U.S. Dist. LEXIS 45772, 2005 WL 2333802, at *4 (N.D. Cal. Sep. 21, 2005) (finding that § 1983 claims were properly brought under the Fourth Amendment rather than the Fourteenth Amendment where the gravamen of the complaint is that the plaintiff was subjected to an unreasonable search and seizure or excessive force).

The allegations underlying Plaintiff's Fourteenth Amendment claims are based on his arrest, related prosecution, and the officers' use of excessive force without probable cause. SAC. ¶ 56-57. These claims fall squarely within the ambit of the Fourth Amendment. *Graham*, 490 U.S. at 395 (all claims that law enforcement officials used excessive force in the course of an arrest,

5

investigatory stop, or other seizure of a free person must be brought under the Fourth Amendment rather than under a substantive due process approach). Therefore, the Fourth Amendment, and not the more general notion of "due process," guides the analysis of the violations asserted here. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

Plaintiff does not request leave to amend the complaint if Defendants' Motion to Dismiss is granted. Nevertheless, the Court will consider whether Plaintiff should be granted with leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). As this is Plaintiff's third complaint, he has had at least three opportunities to assert a proper Fourteenth Amendment claim based on allegations that Defendants intentionally discriminated against him due to his membership in a protected class and he has failed to do so. (*See* Docs. 1, 25, 31). Accordingly, the Court DISMISSES with prejudice and as superfluous Plaintiff's Fourteenth Amendment claims alleged in Plaintiff's First and Tenth Causes of Action.

### 2. Tenth Cause of Action: Malicious Prosecution Against All Defendants

Plaintiff's Tenth Cause of Action is a § 1983 malicious prosecution claim against the City of Clovis and the individual officers.

#### i. Malicious Prosecution Claim against the City of Clovis

Defendants next seek dismissal of Plaintiff's malicious prosecution claim against the City of Clovis on the grounds that Plaintiff has failed to identify any policy statements, practices, or customs to establish liability against City for malicious prosecution. *See e.g., Connick v. Thompson,* 563 U.S. 51, 60-61 (2011) ("[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury") (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). Agreeing with Defendants' position, Plaintiff responds that, as pled, the Second Amended Complaint does not contain facts sufficient to assert a *Monell* claim against the City at this time. Plaintiff's Tenth Cause of Action against Defendant the City of Clovis is DISMISSED. Plaintiff does not seek leave to amend, and as this complaint was brought after reasonable discovery, it appears that facts could not be alleged to state a plausible claim.

///

### ii. Malicious Prosecution Claim against the Individual Defendant Officers

Defendants also move to dismiss Plaintiff's § 1983 malicious prosecution claim against the individual defendant officers because the officers are entitled to absolute immunity for their testimonial conduct as witnesses in a grand jury proceeding. Otherwise, Defendants argue that Plaintiff has failed to allege sufficient facts to state a claim for malicious prosecution based on the officers "pre-testimony" conduct because Plaintiff fails to plead facts showing personal involvement by three of the four officers. (Doc. 109 at 12). Defendants focus on the allegations that Officer Cleaver was, and is, the primary protagonist in the alleged excessive force, wrongful arrest, and malicious prosecution of Plaintiff. Defendants argue that because it was Officer Cleaver who authored the allegedly fabricated police report which included false facts and material misrepresentations, Plaintiff cannot point to any non-conclusory allegations which establish that the other Officers—Gonzalez, Taifane, or Velasquez—were instrumental in causing Plaintiff's malicious prosecution. (Doc. 109 at 11).

As to Defendants first contention, Plaintiff concedes that Defendants are absolutely immune to liability for false testimony. Therefore, Plaintiff's Tenth cause of action for malicious prosecution is DISMISSED as to all testimonial related conduct due to absolute immunity for such conduct. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983) (police officers are immune from liability under §1983 for perjured testimony).

However, in opposing Defendants' second contention, Plaintiff argues that his malicious prosecution claim is focused not on the individual defendant officers' false testimony, but on their pre-trial fabrication of evidence. To that end, Plaintiff responds that his allegations that the individual officers "fabricated evidence, misled prosecutors and falsely reported the September 30, 2012 incident" leading to a criminal proceeding "where, following a trial by jury, Plaintiff was found not guilty" are not vague, ambiguous or conclusory. SAC ¶ 42, 107; (Doc. 121 at 5).

In order to prevail on a §1983 claim of malicious prosecution, Plaintiff must show that Defendants prosecuted him: (1) with malice; (2) without probable cause; and (3) "for the purpose of denying [him] equal protection or another specific constitutional right." *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (*quoting Freeman v. City of Santa Ana*, 68 F.3d

7

1180, 1189 (9th Cir. 1995); *see also Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009)("[p]robable cause is an absolute defense to malicious prosecution"). Malicious prosecution claims may be brought against any person who has "wrongfully caused the charges to be filed." *Awabdy*, 368 F.3d at 1066 (officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence), *citing Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002). A criminal defendant can maintain a malicious prosecution claim against police officers who wrongfully caused his prosecution. *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (false and omitted information in a warrant application). Plaintiff must establish a termination of the underlying proceedings "in such a manner as to indicate his innocence." *Awabdy*, 368 F.3d at 1068.

In reviewing the Second Amended Complaint, the Court finds the Defendants have not demonstrated that dismissal of Plaintiff's malicious prosecution claim against the individual officers is warranted on the ground that Plaintiff has failed to allege sufficient facts that all officers engaged in pre-testimony conduct. Plaintiff alleges that Officers Cleaver, Gonzalez, Taifane, and Velasquez contributed maliciously to his prosecution by knowingly "caus[ing] false criminal charges to be filed against Plaintiff" and "misrepresenting the September 30, 2012, event and its subsequent investigation so as to protect themselves." SAC ¶ 104-106. According to Plaintiff, this collective pre-trial fabrication of evidence essentially set in motion a chain of events that foreseeably resulted in his criminal prosecution. While it was Officer Cleaver who authored the police report, if all of the officers knowingly participated in the resulting criminal investigation and provided knowingly false accusations, intending to deprive Plaintiff of his Fourth Amendment rights, then each may be liable under § 1983. *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (reversing the lower court's dismissal of a § 1983 claim alleging that the prosecutor and officers conspired to convict plaintiff on groundless charges).

Moreover, Plaintiff alleges that all of the officers participated in the "falsification of the reporting" of the incident which "played a material role in Plaintiff's arrest for resisting arrest." SAC ¶ 107. As framed by the Second Amended Complaint, the officers disregarded the actual events that occurred on the date of Plaintiff's arrest, omitted material information, and at worst

made false statements during the investigation of Plaintiff's arrest. *See Miller v. Schmitz*, No. 1:12-CV-00137-LJO, 2012 U.S. Dist. LEXIS 64526, 2012 WL 1609193, at **14-19 (E.D. Cal. May 8, 2012) (denying dismissal of a malicious prosecution claim where the officer allegedly omitted material facts from his police report and submitted false statements in support of Plaintiff's arrest). Ultimately, when viewed in the light most favorable to Plaintiff, the facts alleged establish sufficient conduct to withstand dismissal on this issue.

For the reasons expressed above, to the extent that Plaintiff alleges malicious prosecution based on allegations of perjured testimony, those allegations are DISMISSED as barred by the doctrine of absolute immunity. Plaintiff, however, has pled facts sufficient to show that each of the individual defendant officers was personally involved in violating Plaintiff's Fourth Amendment rights based on their pre-testimony conduct. Defendants Motion to Dismiss the Tenth Cause of action against the individual defendant officers is DENIED.

## II.     MOTION TO STRIKE

In addition to moving to dismiss, Defendants also move to strike portions of Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 109 at 12). Defendants state that allegations contained in paragraphs 45 through 50 of Plaintiff's Second Amended Complaint constitute "impertinent and scandalous matter." (Doc. 109 at 12). The complained of allegations stem from two Internal Affairs investigations (IA #13-06 and #14-02) from cases Plaintiff obtained through discovery. In the first investigation, the investigating officer concluded that he believed Defendant Officer Cleaver made dishonest statements in the course of the investigation of an on-duty automobile accident involving Officer Cleaver. SAC ¶ 45. The second investigation analyzed sixteen cases in which Defendant was the arresting officer and had authored the police reports. SAC ¶ 46. The results of that investigation concluded that Defendant had repeatedly failed to properly conduct investigations and falsified police reports. SAC ¶ 46. Plaintiff further alleges in his amended complaint that as a result of these two Internal Affairs Investigations, the Disciplinary Review Board recommended Officer Cleaver for termination. SAC ¶ 48.

Defendants challenge the inclusion of these paragraphs as unduly prejudicial because they

stem from "two completely unrelated Internal Affairs investigations, which are simply irrelevant to Plaintiff's arrest and the resulting prosecution." (Doc. 131 at 7). Additionally, Defendants argue, the allegations have no direct bearing on whether wrongful conduct occurred in the instant action. As a consequence, such unrelated information is less likely to provide background information for Plaintiff's claims, but it is also unnecessary to properly allege a claim for malicious prosecution and should be stricken for being impertinent material. (Doc. 132 at 7). Plaintiff responds that Defendants alleged past conduct mirrors the allegations that Plaintiff alleges took place here and for that reason the allegations should not be stricken. (Doc. 121 at 10).

Under Rule 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a 12(f) motion to strike is to avoid the time and cost spent on spurious issues by dispensing of those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Courts will grant motions to strike if the allegations have no possible relation to the controversy and their presence in the pleading will prejudice the moving party. *Fantasy, Inc.*, 984 F.2d at 1527 (district court could properly strike lengthy, stale and previously litigated factual allegations in order to streamline action). However, motions to strike are disfavored because such motions are often viewed as delay tactics and because of the Court's policy favoring resolution of claims based upon the merits. *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1132 (S.D. Cal. 2006). Accordingly, if there is any doubt as to whether the allegations may raise an issue of fact or law. *See In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Courts have found that a Defendant's prior acts, though not directly related, may properly provide background information for a Plaintiff's allegations. *Jones v. Cate*, 2016 WL 282699, 2016 U.S. Dist. LEXIS 8463 (E.D. Cal. Jan. 22, 2016). In *Jones*, relied on by both Plaintiff and Defendants, Plaintiff alleged claims of harassment, retaliation, and hostile work environment for reporting misconduct at the California Department of Corrections. The Defendants in *Jones* moved to strike "allegations of harassment that were not motivated by [decedent's] protected speech or attributable to Defendants on the grounds that the allegations were impertinent and

immaterial to the First Amendment Claims." *Jones*, 2016 WL 282699, at *11. The Eastern District Court found those *other* allegations of harassment acted as background information for the Plaintiffs' claims, which included a claim for failure to properly train and supervise correctional officers in addition to the First Amendment retaliation claim. *Id.* at **8, 11 ("The SAC makes clear that Defendant McDonald should have known that subordinates were harassing [decedent] and creating a hostile work environment because multiple verbal and written complaints were filed directly with Defendant McDonald.").

Defendants argue that *Jones* supports striking the allegations here. Defendants explain that the *Jones* Court declined to strike the unrelated allegations of harassment from the Complaint because the other acts of harassment, though unrelated, still involved the Plaintiff. Defendants argue that *Jones* supports Defendants' theory that unrelated incidents that do not involve the named Plaintiff should be stricken from the Complaint.

Defendants' reading of *Jones* is unpersuasive. Even if the nature of the Internal Affairs investigations here are factually dissimilar to the allegations contained in Plaintiff's Second Amended Complaint, Officer Cleaver's prior alleged conduct of falsifying police reports is not immaterial or impertinent to Plaintiff's allegation that Officer Cleaver falsified a police report in support of Plaintiff's malicious prosecution claim.

Contrary to Defendants' argument, the holding in *Jones* is thus applicable to the case at bar. Like in *Jones*, the allegations stated by Plaintiff directly relate to, and have bearing on, the main claims in the case. Much like the *Jones* Court found that harassment against Plaintiff "gave background information for [Plaintiff's] employment at HDSP," here the Court finds that the prior incidents of "falsified false police reports" and allegations of materially false statements in Defendant's duties as a police officer provide background context for Plaintiff's malicious prosecution claim. Additionally, in *Jones,* the Court held that "even though these incidents" did not involve all the named Defendants, "the incidents help with understanding the environment at HDSP." *Id.* at *11. Similarly here, Plaintiff's allegations relating to Officer Cleaver's alleged conduct of falsifying police reports is potentially relevant to understanding the circumstances surrounding the police report filed here. *See also National R.R. Passenger Corp. v. Morgan*, 536

11

U.S. 101, 113 (2002) (holding that courts have used prior acts as background evidence in support of a retaliation claim). In light of this Eastern District precedent, Defendants' Motion to Strike should be denied.

Nevertheless, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Defendants have not made a showing that striking these allegations will save time and expense resulting from litigating "spurious issues." The allegations here overlap with Plaintiff's malicious prosecution claim which will be further litigated within this case. Accordingly, Defendants' Motion to Strike is DENIED.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's complaint is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's Fourteenth Amendment Claim in his First Cause of Action is DISMISSED with prejudice;
2. Plaintiff's Fourteenth Amendment Claim in his Tenth Cause of Action is DISMISSED with prejudice;
3. Plaintiff's Tenth Cause of Action against Defendant City of Clovis is DISMISSED without leave to amend;
4. Plaintiff's Tenth Cause of Action for malicious prosecution as to all testimonial related conduct is DISMISSED with prejudice;
5. Defendants' Motion to Dismiss Plaintiff's Tenth Cause of Action against the individual Defendant officers for "pre-testimony" conduct is DENIED;
6. Defendants Motion to Strike paragraphs 45 through 50 of Plaintiff's Second Amended Complaint is DENIED;

///
///
///
///

7. The Court SETS a **STATUS CONFERENCE** for **July 20, 2016 at 9:00 AM in Courtroom 8 (BAM)** to discuss setting the remaining pretrial and trial dates. If the parties are unable to attend at this time, they shall contact Courtroom Deputy Harriet Herman at **559-499-5788** to advise her of a mutually convenient date and time to hold a telephonic hearing on or shortly after July 20, 2016.

IT IS SO ORDERED.

Dated: **June 30, 2016**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE

13